## DETECTIVE COMICS, Inc., v. BRUNS PUBLICATIONS, Inc., et al.

### No. 203.

Circuit Court of Appeals Second Circuit.

April 29, 1940.

Weil, Gotshal & Manges, of New York City (Horace S. Manges and Gabriel Kaslow, both of New York City, of counsel), for complainant-appellee.

Koenig, Bachner & Koenig, of New York City, for defendant-appellant Bruns Publications, Inc.

Samuel A. Fried, of New York City (Asher Blum, of New York City, of counsel), for defendants-appellants Kable News Co. and Interborough News Co.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The complainant is the owner of eleven copyrights for a like number of monthly issues of a periodical known as "Action Comics". Judge Woolsey found that these copyrights were infringed by a magazine of the defendant Bruns Publications Inc., (hereinafter called Bruns) and known as "Wonderman". He found infringement both by Bruns and by the defendants Kable News Company and Interborough News Co., who were the distributing agents of Bruns. The defendants all had access to complainant's periodicals, which had a wide sale.

We have compared the alleged infringing magazine of Bruns with the issues of "Action Comics" and are satisfied that the finding that Bruns copied the pictures in the complainant's periodical is amply substantiated. Each publication portrays a man of miraculous strength and speed called "Superman" in "Action Comics" and "Wonderman" in the magazine of Bruns. The attributes and antics of "Superman" and "Wonderman" are closely similar. Each at times conceals his strength beneath ordinary clothing but after removing his cloak stands revealed in full panoply in a skintight acrobatic costume. The only real difference between them is that "Superman" wears a blue uiform and "Wonderman" a red one. Each is termed the champion of the oppressed. Each is shown running toward a full moon "off into the night", and each is shown crushing a gun in his powerful hands. "Superman" is pictured as stopping a bullet with his person and "Wonderman" as arresting and throwing back shells. Each is depicted as shot at by three men, yet as wholly impervious to the missiles that strike him. "Superman" is shown as leaping over a twenty story building, and "Wonderman" as leaping from building to building. "Superman" and "Wonderman" are each endowed with sufficient strength to rip open a steel door. Each is described as being the strongest man in the world and each as battling against "evil and injustice."

Defendants attempt to avoid the copyright by the old argument that various attributes of "Superman" find prototypes or analogues among the heroes of literature and mythology. But if the author of "Superman" has portrayed a comic Hercules, yet if his production involves more than the presentation of a general type he may copyright it and say of it: "A poor thing but mine own". Perhaps the periodicals of the complainant are foolish rather than comic, but they embody an original arrangement of incidents and a pictorial and literary form which preclude the contention that Bruns was not copying the antics of "Superman" portrayed in "Action Comics". We think it plain that the defendants have used more than general types and ideas and have appropriated the pictorial and literary details embodied in the complainant's copyrights.

We have repeatedly held that irrespective of the sources from which the author of a work may derive the material which he uses, a picture or writing which is his own production cannot be copied. The prior art is only relevant as bearing on the question whether an alleged infringer has copied the author or has taken his material directly from the prior art. Sheldon v. Metro-Goldwyn Pictures Corporation, 2 Cir., 81 F.2d 49, 53.

So far as the pictorial representations and verbal descriptions of "Superman" are not a mere delineation of a benevolent Hercules, but embody an arrangement of incidents and literary expressions original with the author, they are proper subjects of copyright and susceptible of

infringement because of the monopoly afforded by the act. Since the complainant is not entitled to a monopoly of the mere character of a "Superman" who is a blessing to mankind (Nichols v. Universal Pictures Corp., 2 Cir., 45 F.2d 119), we think the language of clause 4(c) of the decree somewhat too sweeping. It should be modified so as to read as follows: "(c) From printing, publishing, offering for sale or selling, or in any way distributing any cartoon or cartoons, or any periodical or book portraying any of the feats of strength or powers performed by 'Superman' or closely imitating his costume or appearance in any feat whatever."

Clause (d) of Article 4, which merely adjures the defendants to obey the law, should be deleted.

The decree modified as provided in this opinion is affirmed, but without costs or any allowance for counsel fees upon this appeal.