**PETER PAN FABRICS, INC. and Henry Glass & Co., Plaintiffs,**

v.

**DAN RIVER MILLS, INC., Defendant.**

No. 68 Civ. 68.

United States District Court

S. D. New York.

Jan. 13, 1969.

Helfat & Helfat, New York City, for plaintiffs; Bernard A. Helfat and J. Nathan Helfat, New York City, of counsel.

March, Gillette & Wyatt, New York City, for defendant; Arthur A. March, Douglas W. Wyatt and Isadore Warshaw, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

This is an action for copyright infringement. Plaintiffs allege that defendant copied their design, known as "Style 2464, Range 11, 'Daisies'," which plaintiffs registered as a reproduction of a work of art [1] and for which the Copyright Office issued Copyright No. H–28688 on June 1, 1965.

Plaintiffs move under Rule 56, Fed.R. Civ.P., for summary judgment permanently enjoining defendant from further infringing their copyright, ordering the destruction of the accused fabric and awarding damages to be determined by a Special Master under Rule 53, Fed.R. Civ.P. Defendant cross-moves for summary judgment dismissing the complaint on the ground that plaintiffs' copyright is invalid.

Plaintiffs' affidavits demonstrate that plaintiffs print a variety of ornamental designs on uncolored fabric. The designs are either created by themselves or purchased by them from other creators. Thereafter the design is engraved on rollers and printed by the rollers onto the fabric. The design as printed on the fabric is copyrighted as a reproduction of a work of art.

Defendant contends that the copyright of "Daisies" is invalid because the design is in the public domain and is not original. Defendant also asserts that there are questions of fact concerning the similarity of the designs in issue, defendant's access to plaintiffs' design and defendant's knowledge that plaintiffs' design was on the market at the time of the alleged infringement. We will consider the contentions in order.

Defendant correctly asserts that the "Daisies" design, which plaintiffs purchased from Rampelberg Designs, was not copyrighted prior to its sale to plaintiffs. Defendant argues that the sale to plaintiffs placed the design in the public

1. 17 U.S.C. § 5 (h).

domain. Once in the public domain, defendant argues, plaintiffs added nothing to the design but only repeated it.

■ Defendant is wrong on two critical factors: the sale by the designer to plaintiffs did not put the work of art in the public domain, and plaintiffs did add something original to the work of art. The designer never offered any designs for sale to the general public. Rather, a few trusted customers were allowed to see the designs in confidence. No copies or sketches could be made until after purchase. Relying on these procedures, plaintiffs purchased "Daisies" and all rights to it. A sale under these circumstances is not a publication and does not place the work of art in the public domain.[2]

■ Defendant's argument that plaintiffs added nothing original to the design is based on a misinterpretation of the testimony of plaintiffs' president on deposition. He testified that when the design is engraved on rollers and imprinted on uncolored fabric, the print is the same as the design. The testimony however, shows that the design as purchased had to be embellished and expanded before it could be engraved on the rollers. This slight addition is a very modest grade of originality. Nonetheless, it is sufficient.[3]

■ Even if nothing were added and the reproduction were an exact copy of the design, still the design or an exact copy of it could have been copyrighted as a work of art.[4] The classification, here under 17 U.S.C. § 5(h) as a reproduction of a work of art, is at most mere error and does not "invalidate or impair the copyright protection * * *."[5]

■ Defendant next contends that the copyright is invalid for lack of originality. It points to its expert's affidavit that plaintiff's design is similar to floral patterns used at the turn of the century. The similarities described, however, are limited solely to the daisylike features of plaintiffs' design and the designs used at the turn of the century.

Plaintiffs do not argue that a daisy or any reproduction of it or its features is original. Their argument is that "the juxtaposition of these flowers and their arrangement on the plain background * * * and the layout and combination of the separate features are completely original." The argument is supported by the affidavit of plaintiffs' designer. Plaintiffs' assertion of originality is not called into question by defendant's affidavit which is directed to an entirely different and irrelevant question. Moreover, the ordinary observer would easily discern that plaintiffs' design is completely different from the turn of the century patterns.

We conclude that the sale of the "Daisies" design did not place it in the public domain, that plaintiffs did add originality to the reproduction and that, even if no originality were added, the work of art itself, or an exact copy, was nonetheless copyrightable. Finally, we conclude that "Daisies" itself is an original creation.

Accordingly, defendant's motion for summary judgment on the ground that the copyright is invalid is denied.

■ Defendant asserts that even if plaintiffs' copyright is valid, there is a question of fact concerning the similarity of defendant's design to plaintiffs' design. Defendant's daisy petals, for example, are said by its expert to be heart-shaped and uniform in dimension, whereas plaintiffs' petals are rounded and uniform in dimension. Again, defendant's emphasis on the flower portion of the design is misplaced because it is the

2. American Tobacco Co. v. Werckmeister, 207 U.S. 284, 28 S.Ct. 72, 52 L.Ed. 208 (1907); American Visuals Corp. v. Holland, 239 F.2d 740 (2d Cir. 1956).

3. Alfred Bell & Co. v. Catalda Fine Arts, Inc., 191 F.2d 99 (2d Cir. 1951); Nimmer, Copyright § 20.2 (1964).

4. 17 U.S.C. § 5(g).

5. 17 U.S.C. § 5.

juxtaposition and arrangement of the flowers which are critical.

Both designs here have white daisies printed on a solid color. Defendant's design, with its seemingly random distribution of daisies, some in clusters, others in wavering lines, bears a remarkable likeness to plaintiffs' design. Defendant has pointed out only irrelevant and almost unobservable differences between the two. These differences do not amount to a "showing that there is a genuine issue for trial."[6] Quite to the contrary, they emphasize that the similarities are so obvious that there can be no genuine issue of fact that defendant's design was copied from plaintiffs'. In short, the similarities are so great that an ordinary observer would easily detect them.[7]

Finally, defendant argues that there are factual disputes concerning its access to plaintiffs' design and its knowledge that plaintiffs' design was on the market at the time of infringement. Defendant used Ramapo Piece Dye Works to print its design onto fabric. It is uncontradicted that a Ramapo employee showed one of defendant's managing agents a design printed on fabric. Defendant's agent liked the design and ordered it for printing on defendant's fabric without asking and without being told who owned the design.

Access is only an opportunity to copy.[8] Here defendant's agent admitted not only that there was an opportunity to copy, but also that there was actual copying.

Defendant's argument that it did not know of plaintiffs' copyright attempts to carry "ignorance is bliss" to absurd lengths. In the circumstances, defendant should have asked who owned the design it was openly copying. Its failure to ask shows a reckless disregard of the consequences. Moreover, knowledge or lack of it is no defense to liability.[9]

Plaintiffs have demonstrated that their design is original and that defendant had access to their design and actually copied it. In rebutting this proof, defendant has failed completely to "set forth specific facts showing that there is a genuine issue for trial."[10]

Accordingly, plaintiffs' motion for summary judgment permanently enjoining defendant from further infringement of plaintiffs' copyright, ordering destruction of the infringing fabric still in defendant's possession, and appointing a Special Master for the determination of damages, including attorney's fees, pursuant to Rule 53, Fed.R.Civ.P., is granted.

The interlocutory judgment to be entered hereon shall empower and direct the Special Master, to be named by the court, to hear and report within sixty (60) days on the damages attributable to defendant's infringement of plaintiffs' copyright.

Settle interlocutory judgment on notice within ten (10) days in accordance with this opinion.

So ordered.

6. Rule 56(e), Fed.R.Civ. P.

7. Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960).

8. Detective Comics, Inc. v. Bruns Publications, Inc., 28 F.Supp. 399 (S.D.N.Y. 1939), modified, 111 F.2d 432 (2d Cir. 1940); Nimmer, Copyright § 142.1 (1964).

9. Buck v. Jewell-LaSalle Realty Co., 283 U. S. 191, 198, 51 S.Ct. 410, 75 L.Ed. 971 (1931); Barry v. Hughes, 103 F.2d 427 (2d Cir.), cert. denied, 308 U.S. 604, 60 S.Ct. 141, 84 L.Ed. 505 (1939); Nimmer, Copyright § 148 (1964).

10. Rule 56(e), Fed.R.Civ.P.