**COULEUR INTERNATIONAL LTD.,**
**Plaintiff,**

v.

**OPULENT FABRICS INC. et al.,**
**Defendants.**

**No. 71 Civ. 55.**

United States District Court,
S. D. New York.

March 3, 1971.

Helfat & Helfat, New York City, for plaintiff.

Arutt, Nachamie, Benjamin & Rubin, New York City, for defendants.

## MEMORANDUM

FRANKEL, District Judge.

Plaintiff has moved by order to show cause for a preliminary injunction against defendants' alleged infringement of a copyrighted fabric design. A temporary restraining order, issued by Judge McLean on January 6, 1971, after adversary submissions, has remained in effect until now. For the reasons given below, the motion for a preliminary injunction will be granted.

Plaintiff Couleur International Ltd. and at least one defendant, Fanfare Knits Inc., are converters of uncolored and unpatterned textiles. (The other defendants share office space and counsel with Fanfare, but claim they are not involved in the infringement complained of; nevertheless they have consented that if a preliminary injunction issues against Fanfare it may also apply to them.) After being dyed, patterned and finished, converted fabrics are sold to garment manufacturers and dry goods stores. Both Couleur and Fanfare claim that they are "style leaders," whose businesses concentrate on producing novel designs and materials in harmony with currently fashionable garment styles. Since novelty is the key to success (although many novelties do not succeed), and since any given style is relatively short-lived, the "style leader" has higher design costs than other converters and a more than usual worry about copying of his successful patterns.

It is against this industry background that plaintiff accuses the defendant of copying one of its most successful fabric designs (imprinted or to be imprinted on about 60,000 yards of fabric currently in preparation) and asks for preliminary relief. It is not disputed by the defendants that Fanfare "used" plaintiff's design to "create" its accused pattern. According to Fanfare's President, a sample of plaintiff's fabric was given by him to one Frank Romano with instructions "to create a design of his own expression borrowing only the idea as expressed by the sample of plaintiff's fabric." From the design thus produced, sample fabrics were printed, some samples were sold, and orders were taken by defendant. At the time the temporary restraining order was entered, defendant had begun to receive large orders for its fabric, which it was prepared to sell in quantity.

Fabric samples in two different colors have been submitted by both sides and studied by the court. There are clear, pervasive and decisive similarities. Each design is based upon a repetition of six stripes. Corresponding stripes are of identical width, and contain only slightly different figures and patterns: plaintiff's circles surrounded by dots become defendant's rounded-off squares surrounded by dots (although occasionally the dots in Fanfare's design are smaller); spirals become concentric squares; small repeating triangles become small repeating diamonds. The spacing of the similar figures is the same in the two versions. One of the defendant's samples is printed in colors which are identical to those in one of plaintiff's fabrics. The drawing by defendant's artist uses these colors as well. Defendant's other fabric sample changes colors somewhat: orange is substituted in some places for brown, the brown that remains is darkened, and a blue replaces red in one of the stripes. But this blue is the identical shade plaintiff uses in a differently colored version of its design. And the parties agree essentially that the focus should be upon patterns, not uncopyrightable colors so easily varied. Finally, the fabric materials are a similar polyester, defendant's being somewhat thinner and less elastic.

■■ Copyright infringement cases are necessarily decided in an *ad hoc* fashion, through a particularized assessment of the facts in any given case in light of what Judge Learned Hand characterized as a "vague" legal test for infringement. Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960). Good eyes and common sense may be as useful as deep study of reported and unreported cases, which themselves are tied to highly particularized facts. As defendant has pointed out, the fabrics in this case are not identical. But the differences in the designs are so small that, when taken together with defendant's conceded "borrowing" from plaintiff's design, the deviations come across vividly as the kind of "studied effort to make minor distinctions" which is "itself evidence of copying." Scarves by Vera, Inc. v. United Merchants & Mfrs., Inc., 173 F.Supp. 625, 627 (S.D.N.Y.1959); Concord Fabrics, Inc. v. Marcus Brothers Textile Corp., 409 F.2d 1315, 1316 (2d Cir.

1969); Fristot v. First American Natural Ferns Co., 251 F.Supp. 886, 888 (S.D. N.Y.1966). If this is really a domain in which "ideas" and their "expression" are meaningfully distinguishable, that is of no help to defendants. Fanfare's work is a plodding copy across the board with only childishly disingenuous deviations. It remains plain that "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." Peter Pan Fabrics, Inc. v. Martin Weiner Corp., *supra,* 274 F.2d at 489; Concord Fabrics, Inc. v. Marcus Brothers Textile Corp., *supra,* 409 F.2d at 1316–1317 (2d Cir. 1969); Ideal Toy Corp. v. Fab-Lu Ltd., 360 F.2d 1021, 1022 (2d Cir. 1966).

The appearance in one of defendant's fabrics of colors identical to plaintiff's is additional evidence of actual copying, as well as another factor leading to the conclusion that the aesthetic appeal of the fabrics is the same; and given the essential similarity of the designs, defendant's use, in one of its samples, of a color scheme somewhat different from plaintiff's cannot hide the fact that the overall appearance and aesthetic appeal of defendant's fabrics are the same as plaintiff's. Cf. Peter Pan Fabrics, Inc. v. Candy Frocks, Inc., 187 F.Supp. 334, 336 (S.D.N.Y.1960); Scarves by Vera, Inc. v. United Merchants & Mfrs., Inc., 173 F.Supp. 625, 627 (S.D.N.Y.1959). Nor can it hide the essential character of defendant's behavior: substantial copying amounting to infringement. Cf. Comptone Company v. Rayex Corporation, 251 F.2d 487, 488 (2d Cir. 1958); Joshua Meier Company v. Albany Novelty Mfg. Co., 236 F.2d 144, 146 (2d Cir. 1966); F. W. Woolworth Co. v. Contemporary Arts, 193 F.2d 162 (1st Cir. 1951), aff'd on other grounds, 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276 (1952).

■ Fanfare's reference to a "trend" of using Indian style motifs in fabrics does not help its position. We have been shown no evidence of such a trend, nor have we been shown any design in the public domain which plaintiff has appropriated. Cf. Millworth Converting Corporation v. Slifka, 276 F.2d 443 (2d Cir. 1960). Furthermore, a copyright holder's original expression of ideas in the public domain is protected. *Id.* at 445; Davis v. Du Pont de Nemours Co., 240 F.Supp. 612, 620 (S.D.N.Y.1965); cf. Mazer v. Stein, 347 U.S. 201, 217, 74 S.Ct. 460, 98 L.Ed. 630 (1954). In any event, all of this seems irrelevant in a case in which the defendant concedes substantial "borrowing" from the plaintiff; the only prior art defendant has shown us is the drawing by Frank Romano which defendant concedes was based on plaintiff's fabric in the identical colors.

■ Finally, defendants seek to resist a preliminary injunction by claiming that plaintiff has not demonstrated a danger of irreparable injury from the copyright infringement. It might be enough to recall that where, as here, plaintiff has made out a prima facie case of copyright infringement, "it is entitled to a preliminary injunction even without a detailed showing of danger of irreparable harm." Uneeda Doll Co. v. Goldfarb Novelty Co., 373 F.2d 851, 852 n. 1 (2d Cir.), cert. dismissed, 389 U.S. 801, 88 S.Ct. 9, 19 L.Ed.2d 56 (1967); Joshua Meier Co. v. Albany Novelty Mfg. Co., *supra,* 236 F.2d at 147 (2d Cir. 1956). In any event, in the case before us there is sufficient basis for a finding that although plaintiff has contracted to sell most of its current production of fabric with the copyrighted design, there is substantial danger of a loss of good will and future sales.

A preliminary injunction will issue.

Settle order on notice.