**SOPTRA FABRICS CORP., Appellant,**

v.

**STAFFORD KNITTING MILLS, INC.,
Appellee.**

**No. 552, Docket 73–2513.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 13, 1973.

Decided Jan. 10, 1974.

Bernard A. Helfat, New York City (Helfat & Helfat, New York City), for appellant.

Samuel J. Stoll, New York City (Stoll & Stoll, New York City), for appellee.

Before KAUFMAN, Chief Judge, and SMITH and OAKES, Circuit Judges.

PER CURIAM:

 This textile design copyright case presents, in addition to a question of validity which goes right to the heart of design copyright in the fabric field,

the issue whether the accused design was merely "inspired"—to use appellee Stafford's design studio salesman's word —by, or was flatly pirated from, appellant Soptra's attractive, geometric design for use in dresses. District Judge Duffy, relying primarily upon a comparison of black and white photographic reproductions of the designs, found no infringement and did not reach the question of validity. We disagree, find infringement as a matter of law, determine the copyright valid, and remand with directions for an injunction and for an assessment of damages.

Dress fabric designs notoriously last one year. Appellants' design here, No. 5700, was into its third successful season, aided perhaps by changes in the accompanying color combinations, when appellee, upon request by a mutual customer, took a swatch of material containing appellant's design to its textile design studio, gave the salesman the design, as he put it, "for inspirational purpose," and told him "to make a design that would be non-conflicting to that design," that is, sufficiently dissimilar to avoid this decision. It is not exactly easy in the two-dimensional, black and white print of a judicial opinion to compare two dress designs, but suffice it to say that in a design containing a strip of crescents, scalloping or ribbons between that strip and then rows of semicircles, the only obvious dissimilarity from a few feet away is that the semicircles in two rows of four are reversed in Stafford's fabric, while they are not in the three rows of Soptra's. Close up one sees that some of the Stafford crescents are tilted, that the Stafford scalloping is less gracefully treated and that Soptra's design generally is somewhat more discreet.

Soptra purchased its original design in October, 1970, in the form of a sketch or painting from the Rampelberg Studios in Paris. The design was put "in repeat" to broaden or extend it so as to cover a bolt of cloth. A silk-screen process was used to print the design on the greige goods or naked cloth. At first two colors (in addition to the "white" portion of the cloth that is rendered impervious to dye in the silkscreen process) were used in reproduction. Subsequently three colors were used. The copyright was secured by the Textile Distributors Association for the appellant, using a two-color combination as a sample.

The district court could not have been more correct in stating the underlying test for infringement as being "whether an average lay observer would find a substantial similarity in the designs . . . ." Concord Fabrics, Inc. v. Marcus Brothers Textile Corp., 409 F.2d 1315, 1316 (2d Cir. 1969). As Judge Learned Hand said, under such a test, "Decisions must therefore inevitably be *ad hoc*." Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960). In this respect we agree with Judge Frankel's observation quoted by Judge Duffy below, that "Good eyes and common sense may be as useful as deep study of reported and unreported cases, which themselves are tied to highly particularized facts." Couleur International Ltd. v. Opulent Fabrics Inc., 330 F.Supp. 152, 153 (S.D.N.Y. 1971).

The court below concluded that "the graphic patterns themselves are, in fact, different." He does not specify in what respects. Our conclusion, with the same materials, exhibits, color combinations *and* black and white reproductions before us, is to the contrary: in our view the designs are substantially similar, the differences ever so slight, the dissimilarities insubstantial. While we may in a real sense be factfinding, since we have before us the same record, and since no part of the decision below turned on credibility, "we are in as good a position to determine the question as is the district court." Concord Fabrics, Inc. v. Marcus Brothers Textile Corp., 409 F.2d at 1317. The error of the district court was probably in neglecting to give due weight to "the uses for which the design is intended, especially the scrutiny that observers will give to it *as used*." Peter

Pan Fabrics v. Martin Weiner Corp., 274 F.2d at 489 (emphasis supplied). Here the designs were to be used in dresses, and although small differences between the designs might be found to exist under courtroom scrutiny, those differences fade away within a few feet or absent sharp scrutiny.

Judge Duffy purported to follow Clarion Textile Corp. v. Slifka, 223 F.Supp. 950 (S.D.N.Y.1961), where the court commented:

> The designs are enough alike so that a woman wearing plaintiff's [design] in brown and green would exclaim "There goes my dress" if she saw a woman wearing [defendant's design] in the same color scheme. My belief is, however, that there would be no such exclamation if [defendant's] were in light green and cerise.

*Id.* With all due respect to the *Clarion Textile* court its homely illustration misses the point: if the defendant's dress there had been light green and cerise, would the woman wearing the design in brown and green say, "There goes the *design* of my dress"?

The court below went on to attempt to look beyond any color similarities (though appellee's matched even appellant's color combination in some of the comparison materials submitted to the court) by reviewing black and white photographic reproductions of the designs. By looking only to the black and white reproductions, the district judge, we fear, missed the point here also. Certainly the color schemes were not to be entirely overlooked. *See* Scarves by Vera, Inc. v. United Merchants and Manufacturers, Inc., 173 F.Supp. 625, 627 (S.D.N.Y.1959). As *Couleur International, supra,* said:

> The appearance in one of defendant's fabrics of colors identical to plaintiff's is additional evidence of actual copying, as well as another factor leading to the conclusion that the aesthetic appeal of the fabrics is the same . . . .

330 F.Supp. at 154.

But perhaps the error was really the result of a young district judge's failure to appreciate with the wisdom and experienced eye that only middle age can bring to the subject of feminine wear the substantial similarity we appellate judges discern in appellant's and appellee's designs.

*Ad quod non est responsum.*

■ On the question of validity Stafford argues that the Soptra copyright is invalid because it represents an exact copy of the uncopyrighted Rampelberg design and thus lacks the requisite originality. Stafford rightly refers us to, *e. g.,* Alfred Bell & Co. v. Catalda Fine Arts, 191 F.2d 99 (2d Cir. 1951) (mezzotints of old masters' paintings entitled to copyright), for the proposition that skill and judgment must be employed in the reproduction to entitle it to copyright. But Peter Pan Fabrics v. Dan River Mills, 295 F.Supp. 1366 (S. D.N.Y.), aff'd, 415 F.2d 1007 (1969) (per curiam), states what we consider to be the law of this circuit in terms of textile designs. The embellishment or expansion of the original design "in' repeat," so as to broaden the design and thereby cover a bolt of cloth, together with beginning the pattern in a particular way so as to avoid showing an unsightly joint when the pattern is printed on textiles on a continual basis, constitutes modest but sufficient originality so as to support the copyright. 295 F. Supp. at 1368. The minimal quantum of originality in the textile pattern field, where the design printed is itself unmistakably original, as here, is not very high. Nevertheless, even if there were no originality, the Rampelberg painting-design could have been filed as a "work of art" under § 5(g) of the Act, 17 U.S.C. § 5(g). The filing here under § 5(h) as a reproduction of a work of art is at most an "error in classification" which under § 5 does not "invalidate or impair the copyright protection secured under this title." 295 F.Supp. at 1368.

Accordingly we reverse and remand with directions that an injunction issue and that the district court proceed to an assessment of damages.