## YORK WALLCOVERINGS, INC., Plaintiff,

v.

## COLOROLL, INC., Defendant.

### No. CV 87–1640.

United States District Court, E.D. New York.

Sept. 3, 1987.

Howrey & Simon, Washington, D.C. (David C. Murchison, P.C., John Bodner, Jr., and Martin J. Weinstein, of counsel), Engel & Mulholland, New York City, for plaintiffs.

Mason, Fenwick & Lawrence, Washington, D.C. (J. Timothy Hobbs, Diana Adams Hatchett, of counsel), Solin & Breindel, P.C., New York City (Daniel R. Solin, of counsel), for defendant.

## MEMORANDUM OF DECISION AND ORDER

MISHLER, District Judge.

York Wallcoverings, Inc. ("York") commenced this action against Coloroll, Inc. ("Coloroll") alleging copyright infringement of its "Adele" wallpaper design (Count I) and unfair competition in palming off York's "Buckleburry" design (not subject to copyright protection) and the Adele design as Coloroll's wallpaper designs (Count II).

York moved for a preliminary injunction enjoining Coloroll from infringing York's copyrighted wallpaper design Adele based

on Count I of the complaint. Coloroll thereafter moved pursuant to Rule 12(b) and 12(b)(6) to dismiss the complaint.[1]

The court conducted a hearing on York's motion for a preliminary injunction. The court finds:

York, with its principal place of business in York, Pennsylvania, is engaged in the business of manufacturing and distributing wallcovering products throughout the United States and Canada. Coloroll, with its principal place of business in North Bellmore, New York, is in direct competition with York in the manufacture and distribution of wallcovering throughout the United States and Canada.

On June 21, 1985 York purchased a design showing a flower trail pattern from the studio of S.P. Creazioni of Lake Como, Italy for the sum of $500. York named the design Adele. The purchase is evidenced by an invoice dated June 21, 1985 and payment on July 24, 1985. On June 19, 1987 S.P. Creazioni confirmed that on June 28, 1985 (the date of the purchase order) it sold all the right, title and interest in the Adele design to York.

Under the direction of Ronald C. Redding, vicepresident of design at York, the black and white original Adele took on a combination of colors. Six different colorways together with other York wallcoverings were incorporated in a York sample book called "Bread and Butter" and distributed in January and February of 1986 to about 17,000 distributors and retailers of York throughout the United States and Canada.[2]

Coloroll's line of floral trails did not have a small scale floral trail that could compete with York's Adele. Coloroll purchased a flower trail pattern from Desmond Lewis of Germany which Coloroll named "Martha" in June 1986 in order to compete with York. Anthony Amplo, Coloroll's vice-president of design, then undertook to reduce the large scale floral trail of Martha to the scale of Adele. Coloroll created the coloring of Martha by using the Adele six colorways. The combinations are the same, though the shades of some of the colors are slightly different. Coloroll had York's Bread and Butter sample book among other sample books of competitors[3] in its library. Coloroll, however, did not use the Adele design.

Coloroll used the Martha design as one design in exhibiting different designs in the same color combinations for different rooms (coordinates) in its sample book, "Charleston House." The Charleston House sample book was distributed to Coloroll's distributors and retailers in the United States and Canada.

## DISCUSSION

### Preliminary Injunctive Relief

■ A moving party is entitled to a preliminary injunction upon showing "(a) the possibility of irreparable injury, and (b) either (1) likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and (3) a balance of hardships tipping decidedly toward the party requesting injunctive relief." *Joseph Scott Co. v. Scott Swimming Pools, Inc.*, 764 F.2d 62, 66 (2d Cir.1985). In copyright cases, where validity of the copyright and infringement have been established, irreparable injury is presumed. *National Football League v. McBee and Bruno's, Inc.*, 792 F.2d 726, 729 (8th Cir.1986); *Wainwright Securities, Inc. v. Wall Street Journal Transcript*

---

**1.** The court withheld decision on Coloroll's motion until after the evidentiary hearing on York's motion for a preliminary injunction.

**2.** The sample book showed other designs for other rooms of the residence in colors that duplicated the colors used in the Adele design. Each colorway was a combination of colors used in the Adele design, i.e., a soft delft blue background combined with flower buds of yellow, peach and white (Ex. B-5); a medium green background combined with roses of yellowy beige and pink, blue and white flowers (Ex. X-9); a yellow background combined with peach, blue and white flowers on a green vine (Ex. C-11).

**3.** It is a practice of the trade to maintain the sample books of competitors. It is generally part of business practice and in particular the wallcovering business to know the competitor's product. This is part of healthy competition.

*Corp.*, 558 F.2d 91 (2d Cir.1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed. 2d 759 (1978).

We turn to the issue of the likelihood of York succeeding on the merits which requires proving standing to institute the copyright infringement claim, the validity of the copyright and infringement.

*Standing*

█ Coloroll claims that York did not have standing to institute a claim for copyright infringement because at the time it instituted suit the transfer of ownership of the copyright had not been recorded as required under 17 U.S.C. § 205(d).[4] We agree. However, the lack of jurisdiction over the copyright claim at the commencement of the action is not fatal. The court had jurisdiction over the unfair competition claim based on diversity of citizenship. 28 U.S.C. § 1332. In addition, the defect in jurisdiction was remedied prior to the hearing on plaintiff's motion for a preliminary injunction. York had the opportunity of serving a supplemental complaint prior to the hearing. We consider the complaint as if it were a supplemental complaint served after the purchase from S.P. Creazioni dated June 19, 1987 had been recorded in the Copyright Office. *Mathews v. Diaz*, 426 U.S. 67, 76, 96 S.Ct. 1883, 1889, 48 L.Ed.2d 478 (1976), *Techniques, Inc. v. Rohn*, 592 F.Supp. 1195, 1197 (S.D.N.Y.1984); *The Patch Factory, Inc. v. Broder*, 586 F.Supp. 132, 133 (N.D.Ga.1984). *See* 3 M. Nimmer, Nimmer on Copyright § 1208 (1987).

*Ownership of the Copyright*

█ Coloroll also claims that York does not own the copyright. It argues that York received only the single sheet which embodies the copyright and not the copyright. "The ownership of the copyright is separate and independent from the ownership of the material object in which it is embodied." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1336 (9th Cir.1984)

(Transfer of tapes of songs did not transfer a license to reproduce the tapes.). It is clear that S.P. Creazioni knew that York was purchasing the design to reproduce it on wallcovering. The claim that York purchased a sheet of paper for the sum of $500 without the right to reproduce it is frivolous. The certificate of registration is prima facie proof of ownership and validity. *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1092 n. 1 (2d Cir. 1977).

*Irreparable Damage*

█ If plaintiff establishes a prima facie case of copyright infringement, irreparable damage will be inferred without detailed proof of such injury. *Wainwright Securities, Inc. v. Wall Street Journal Transcript Corp.*, 558 F.2d 91 (2d Cir.1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 759 (1978); *Uneeda Doll Co. v. Goldfarb Novelty Co.*, 373 F.2d 851, 852 n. 1 (2d Cir.1967), *cert. denied*, 389 U.S. 801, 88 S.Ct. 9, 19 L.Ed.2d 56 (1967).

*The Scope and Validity of the Copyright*

█ York makes out a prima facie case of copyright infringement by showing a valid copyright and copying by Coloroll. *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 499 (2d Cir.1982). The certificate of registration is prima facie proof of validity of the copyright. *Carol Barnhart, Inc. v. Economy Cover Corp.*, 773 F.2d 411, 414 (2d Cir.1985).

█ In this crowded field of designs of floral trails (Ex. C1 to C7) the S.P. Creazioni design Adele expresses that minimum amount of originality that warrants copyright protection. *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 910 (2d Cir. 1980); *Soptra Fabrics Corp. v. Stafford Knitting Mills, Inc.*, 490 F.2d 1092, 1094 (2d Cir.1974) ("the embellishments or extension of the original design ... consti-

---

**4.** 17 U.S.C. § 205(d) provides:
*Recordation as prerequisite to infringement suit.*
No person claiming by virtue of a transfer to be the owner of copyright or of any exclusive

right under a copyright is entitled to institute an infringement action under this title until the instrument of transfer under which such person claims has been recorded in the Copyright Office....

tutes modest but sufficient originality so as to support the copyright.").

■ Although color combinations and arrangements may be the subject of copyright protection, *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d at 1094 n. 6 ("there may be color combinations, beyond the simple use of primary or calico colors, which may themselves be the subject of copyright as a work of art...."), this court finds that copyright protection does not extend to York's colorways because York's copyright of Adele did not include the colorways.[5]

We discuss in the next section under *"Infringement,"* the significance of Coloroll's copying the design in colors or shades similar to the six colorways in which Adele was distributed.

*Infringement*

■ "In order to prove infringement, a plaintiff must show ownership of a valid copyright and copying by the defendant.... Since direct evidence of copying is rarely, if ever, available, a plaintiff may prove copying by showing access and 'substantial similarity' of the two works. *Novelty Textile Mills v. Joan Fabrics Corp.*, 558 F.2d at 1092.... Substantial similarity is to be determined by the 'ordinary observer' test...." Another test formulated by this court is "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Ideal Toy Corp. v. Fab–Lu Ltd.*, 360 F.2d 1021, 1022 (2d Cir.1966).... "The test for infringement of copyright is of necessity vague." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir.1959).

We have examined the Adele design and the Martha design to determine whether they are substantially similar or whether the average lay observer would recognize the Martha design as having been appropriated from the Adele design. Copies of the designs were offered by York in the six colorways (Ex. 11) and by Coloroll (Ex. C1 to C7). "[N]o bright line rule exists as to

what quantum of similarity is permitted before crossing into the realm of substantial similarity in the context of copyright infringement." *Baxter v. MCA, Inc.*, 812 F.2d 421, 425 (9th Cir.1987) (claim of infringement of copyrighted song). In *Soptra Fabrics Corp. v. Stafford Knitting Mills, Inc.*, 490 F.2d at 1093, the court cited with approval the practical test stated in *Couleur International, Ltd. v. Opulent Fabrics Inc.*, 330 F.Supp. 152, 153 (S.D.N.Y.1971): "Good eyes and common sense may be as useful as deep study of reported or unreported cases, which themselves are tied to highly particularized facts."

As we previously noted, York's colorways are not protected by the copyright. Nevertheless, The court considers the six colorways used by Coloroll as some proof of copying. *Soptra Fabrics Corp. v. Stafford Knitting Mills, Inc.*, 490 F.2d at 1094. We find, however, that an average lay observer would not find a substantial similarity in the designs or recognize the Martha design as an appropriation of the Adele design. *Concord Fabrics, Inc. v. Marcus Brothers Textile Corp.*, 409 F.2d 1315, 1316 (2d Cir.1969). The average lay observer would be impressed by the openness of the Martha and the crowded pattern of the Adele design. The Martha design gives a feeling of a trail similar to climbing vines; the Adele, on the other hand, is like a flowering bush. The aesthetic appeal is not the same. The similarity of the shape and size of the flower buds and leaves are found in the many samples of designs presently on the market (Ex. C1 to C7) and the coincidence of finding similar flower buds and leaves in both designs is unremarkable.

Our finding of the independent origination of the Martha design supports the finding of lack of substantial similarity between the designs. Although reference to the copying of the colorways by Coloroll is some proof of copying, it is not sufficient to prove copying of the design. This finding, however, does not bar such proof as evidence of "palming off" which is the sub-

---

**5.** In *Novelty Textile,* Judge Mansfield's concurring opinion notes that the Certificate of Copyright described "an upholstery fabric woven in common Argyle or bias plaid, using a combination of brown and camel or beige colors on a light background." 558 F.2d at 1095.

ject of the unfair business competition claim. (Count II).

We find that York has failed to establish a likelihood of success on the merits or sufficiently serious questions going to the merits and further find that the balance of hardships does not tip toward York.[6]

The motion for a preliminary injunction is denied. Coloroll's motion to dismiss the complaint is denied.

SO ORDERED.

This memorandum of decision contains findings of fact and conclusions of law required under Rule 52(a), Fed.R.Civ.P.

6. We note that if an injunction were to issue, Coloroll would be required to recall all its sample books and remove the Martha design, creating a serious impediment to selling wallcovering of other designs not involved in this litigation.