**JBJ FABRICS, INC., Plaintiff,**

v.

**BRYLANE, INC., Defendant.**

No. 88 Civ. 2838 (JES).

United States District Court,
S.D. New York.

June 6, 1989.

Helfat and Helfat, New York City, for plaintiff; Bernard A. Helfat and Fred R. Profeta, Jr., of counsel.

Frank J. Colucci, P.C., New York City, for defendant; Frank J. Colucci and Ralph V. Lee, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff JBJ Fabrics, Inc. ("JBJ") brings this action for copyright infringement pursuant to 17 U.S.C. § 101 (1982) alleging that defendant Brylane Inc. ("Brylane") manufactured and sold garments imprinted with plaintiff's copyrighted design. Defendant moves for summary judgment on the ground that this Court lacks subject matter jurisdiction because plaintiff does not hold a valid copyright. For the reasons that follow, defendant's motion is denied.

### FACTS

The following facts are undisputed.

Plaintiff is in the business of textile conversion; taking fabric (greige goods), imprinting it with a design and then selling the finished product to garment manufacturers. On April 29, 1985, plaintiff purchased a painting/design from Farkas Designs [1] from which the fabric design at issue in this lawsuit, "Pattern # 51209 Samara", was reproduced. *See* Affidavit of Billie Olshan at ¶ 2.

---

1. Farkas Designs is apparently an entity which is in the business of creating designs that are purchased by textile converters such as the plaintiff. Neither party contends that Farkas had registered its design with the copyright office. Defendant contends and plaintiff does not

After the design was purchased, plaintiff's employees arranged to have it converted and adapted for application to fabric that could then be fashioned into wearable garments. *See id.* at ¶ 9. This process included putting the design into "repeat", a process whereby the finished design is adjusted to fit the screen or roller used to imprint it upon the fabric, making possible the production of a continuous design. *Id.* at ¶ 10.

Plaintiff's certificate of copyright registration was filed on October 28, 1985, and registration was granted by the Copyright Office on November 6, 1985. *See* Affidavit of Frank J. Colucci at Exhibit A. Plaintiff's application states that the fabric design was an original work of the author, JBJ, made for hire. The application also indicates, by the absence of an answer to question 6 of the application, that the design was not a derivative work. *See id.*

### DISCUSSION

■ Where, as here, plaintiff presents *prima facie* evidence of a valid copyright in the form of a certificate of registration, defendant has the burden of raising questions as to the validity of that registration that will enable this Court to ignore the presumptive validity of the certificate. *See Durham Industries, Inc. v. Tomy Corp.,* 630 F.2d 905, 908 (2d Cir.1980). In addition, in order to prevail on its motion for summary judgment, defendant has the burden of proving that there are no genuine issues of material fact in dispute regarding the validity of plaintiff's copyright. *See*

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Defendant has failed to carry either of these burdens.

Defendant contends that because the JBJ fabric design is based upon the Farkas painting, a painting that JBJ purchased without obtaining any formal writing assigning it a copyright in the underlying design, plaintiff is not the author of its design, and therefore its registration is invalid.

■ While it is true that plaintiff cannot hold a copyright in the Farkas design, it may nevertheless hold a copyright in a derivative work based on that design. *See e.g., Dolori Fabrics, Inc. v. The Limited, Inc.,* 662 F.Supp. 1347, 1354 (S.D.N.Y. 1987); *Kenbrooke Fabrics, Inc. v. Material Things,* 223 U.S.P.Q. 1039, 1045, 1984 WL 532 (S.D.N.Y.1984).[2] The fact that the design was not registered as a derivative work does not automatically invalidate plaintiff's registration. *See L. Batlin & Son, Inc. v. Snyder,* 536 F.2d 486, 490 n. 2 (2d Cir.1976) (*en banc*) (mere error in classification insufficient to invalidate registration). If, of course, plaintiff deliberately falsified its registration that registration would indeed be invalid. *See Donald Frederick Evans and Assoc. v. Continental Homes, Inc.,* 785 F.2d 897, 904 (11th Cir. 1986); *Russ Berrie & Co. v. Jerry Elsner Co.,* 482 F.Supp. 980, 988 (S.D.N.Y.1980). However, whether plaintiff had the requisite scienter for a finding of fraud is a factual issue which cannot be resolved on this motion for summary judgment.

---

dispute that plaintiff did not receive any explicit written assignment of any copyright interest Farkas may have had.

2. Section 101 of the Act defines a derivative work as "a work based upon one or more preexisting works, such as ... art reproduction, ... or any other form in which a work may be recast, transformed, or adapted. A work consisting of ... modifications which, as a whole, represent an original work of authorship is a 'derivative work'." The reach of this definition was intended to be very broad, including "every copyrightable work that employs preexisting material." *See* H.R.Rep. No. 94–1476, 94th Cong., 2d Sess., at 57 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5659, 5670.
Plaintiff's reliance on *Soptra Fabrics Corp. v. Stafford Knitting Mills, Inc.,* 490 F.2d 1092 (2d

Cir.1974) (per curiam), and *Peter Pan Fabrics, Inc. v. Dan River Mills, Inc.,* 295 F.Supp. 1366 (S.D.N.Y.) *aff'd* 415 F.2d 1007 (2d Cir.1969), for the proposition that it is entitled to copyright on the fabric as a "work of art" rather than a derivative work is misplaced. In both those cases the Courts found that the plaintiff had obtained rights to the underlying design when it purchased the design. Such transactions were permitted under the 1909 Copyright Act under which both cases were decided. *See* M. Nimmer, Nimmer on Copyright § 7.01 n. 2 (1978). However, plaintiff here does not and cannot claim a transfer of copyright in the underlying design because it has not complied with the formalities of transfer required by the 1976 Act. *See* 17 U.S.C. §§ 201, 204 (1982).

■ Defendant next contends that even assuming that plaintiff's work is a derivative work, its copyright is still invalid because Farkas never gave plaintiff the right to prepare derivative works from its design.[3] However, the fact that plaintiff did not receive either a formal assignment of the right to make derivative works or an exclusive license is not dispositive here. Section 103 of the Act[4] does no more than limit plaintiff's copyright protection to those aspects of its design which it has not unlawfully adopted, and, as the Second Circuit has held, unauthorized use is not equivalent to unlawful use. *See Eden Toys Inc. v. Florelee Undergarment Co.,* 697 F.2d 27, 34 n. 6 (2d Cir.1982). If the Farkas painting is not itself the subject of copyright, or if plaintiff did indeed have informal authorization from Farkas to use the painting in its fabric design, such as a non-exclusive license, then it is not using the painting unlawfully and may not face any limits on the scope of its copyright protection.[5] In addition, even at this late date plaintiff could procure the proper formal authorization, in the form of either a license to reproduce or an assignment of the right to make derivative works which would entitle it to protection beyond its own original contribution.

■ Moreover, even if plaintiff's use of the underlying design were unlawful, it would be entitled to protection for its original contributions absent some showing by defendant that the unlawful use pervaded the entire work. *See Eden Toys, supra,* 697 F.2d at 34 n. 6; *Dynamic Solutions,*

*Inc. v. Planning & Control, Inc.,* 646 F.Supp. 1329, 1340 (S.D.N.Y.1986). Neither party has submitted any evidence on that issue. In sum, the fact that plaintiff did not receive any formal written transfer of any of Farkas' copyrights does not necessarily mean plaintiff's copyright is invalid. It follows that defendant is not entitled to summary judgment

CONCLUSION

Defendant's motion for summary judgment is denied.

It is SO ORDERED.

---

**3.** Defendant bases its arguments on 17 U.S.C. §§ 201(d) and 204(a) which require that the rights associated with a copyright be transferred in writing.

Defendant's additional contention, that plaintiff's design lacks the requisite originality is without merit. Plaintiff has, as a matter of law, shown sufficient originality to qualify its fabric design as a derivative work. *See Soptra, supra,* 490 F.2d at 1094; *Kenbrooke, supra,* 223 U.S.P.Q. at 1042–43. Defendant's argument that the *Soptra* standard of originality is no longer good law under the 1976 Act is meritless. Although *Soptra* was decided under the 1909 Act, the Second Circuit's standard of originality under the 1909 Act, *see e.g., L. Batlin, supra,* 536 F.2d 486, was explicitly carried over to cases decided under the 1976 Act, *see Durham, supra,* 630 F.2d

at 909. Thus, *Soptra's* orginality holding remains the law in this circuit. *Cf. Kenbrooke, supra,* 223 U.S.P.Q. at 1045.

**4.** Section 103 states in relevant part that:

(a) The subject matter of copyright as specified by section 102 includes compilations and derivative works, but protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully.

**5.** Section 204(a) applies only to "transfers of copyright ownership". The definition of that term in section 101 of the 1976 Act specifically excludes nonexclusive licenses.