GIBSON TEX, INC., Plaintiff,

v.

SEARS ROEBUCK & CO. and L.A. Intimates, division of Kellwood Company, Inc., Defendants.

No. 96 CIV. 8513(PKL).

United States District Court, S.D. New York.

July 9, 1998.

Silverberg Stonehill and Goldsmith, P.C., New York (Michael B. Goldsmith, of counsel), for Defendants.

## OPINION AND ORDER

LEISURE, District Judge.

Plaintiff Gibson Tex, Inc. ("Gibson") brings this action for copyright infringement pursuant to the Copyright Act of 1976, Title 17, United States Code ("U.S.C."), Sections 101–1010, against defendants Sears Roebuck & Co. ("Sears") and L.A. Intimates ("LAI"), a division of Kellwood Company, Inc. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Sears and LAI move for summary judgment. Gibson opposes defendants' motion and cross-moves for summary judgment. For the reasons stated below, defendants' motion for summary judgment is denied, and plaintiff's motion for summary judgment is granted in part and denied in part.

## BACKGROUND

Gibson, a textile converter, creates fabric designs that it then sells to garment manufacturers for use in their products. Gibson does not always create its fabric designs independent of outside influences, but often purchases swatches of public domain fabrics to serve as inspiration for its creations. LAI, a designer and manufacturer of lingerie, commonly purchases fabrics from textile converters for use in its garments.

On May 8, 1995, the United States Copyright Office issued Certificate of Registration No. VA 703–908 to Gibson for a fabric design entitled "Pattern # 3602". The fabric embodying Gibson's Pattern # 3602 consists of a jacquard material with a pattern of roses and leaf-inspired, scroll-like designs. Gibson modeled the design after a public domain, damask swatch purchased for $350 from Docuswatch, Inc., a dealer in antique swatches. However, Gibson failed in the application for Registration of Copyright to indicate that Pattern # 3602 is a derivative work.[1]

Helfat and Helfat, New York (Bernard A. Helfat, of counsel), for Plaintiff.

---

1. Question 6 of the application for Registration of Copyright reads: "DERIVATIVE WORK OR COMPILATION Complete both space 6a and 6b for a derivative work ... a. Preexisting Material[.] Identify any preexisting work or works that this work is based on or incorporates[.] b. Maté-

On March 15, 1995, and April 27, 1995, LAI purchased samples of Pattern # 3602 from Gibson, but LAI never purchased yardage of Pattern # 3602 for use in its garments. During the summer of 1996, Sears offered for retail sale an LAI garment that featured a design quite similar to that of Pattern # 3602. Gibson then instituted the instant action for copyright infringement against the defendants.

LAI and Sears seek summary judgment on the theories that Gibson's design lacks sufficient originality to warrant copyright protection and that Gibson's knowing failure to inform the Copyright Office of the derivative nature of its design invalidates the Pattern # 3602 copyright. Gibson opposes defendants' motion and seeks summary judgment on the grounds that its copyright for Pattern # 3602 is valid and that the undisputed facts show that defendants have infringed its copyright.

## DISCUSSION

### I. STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, it is this Court's responsibility "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Insurance Co.*, 804 F.2d 9, 11 (2d Cir.1986). Nonetheless, summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action."

rial Added to This Work[.] Give a brief general statement of the material that has been added to

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Id.* at 325, 106 S.Ct. 2548 (internal citations omitted). "The burden on the moving party may be discharged by showing ... that there is an absence of evidence to support the non-moving party's case." *Id.* (internal citations omitted). The burden of demonstrating the existence of a genuine issue of material fact then shifts to the non-moving party. *See id.* at 322–23, 106 S.Ct. 2548. The non-moving party may not rely solely on its pleadings nor on conclusory factual allegations in satisfying this burden. *See Gray v. Darien*, 927 F.2d 69, 74 (2d Cir.1991). The non-moving party instead must offer specific evidence supporting its claim that there exists a genuine issue of material fact. *See Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. In demonstrating that the factual issue in dispute is "genuine," the non-moving party must offer evidence to allow a reasonable jury to return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### II. ORIGINALITY OF THE DESIGN

Both plaintiff's and defendants' summary judgment motions are at least partially based on the issue of the validity of the copyright. Sears and LAI argue that Gibson's work is not sufficiently original to warrant copyright protection and that they are therefore entitled to summary judgment. Gibson claims that defendants infringed its valid Pattern # 3602 copyright.

When an individual obtains a certificate of registration from the Copyright Office, such certificate "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). However, a certificate of registration does not create an irrebuttable presumption of copyright validity. *See Durham Industries, Inc. v. Tomy Corp.*, 630

this work and in which copyright is claimed."

F.2d 905, 908 (2d Cir.1980). In fact, the failure to alert the Copyright Office to relationships between the work for which registration is sought and prior works of others endangers the presumption of validity. *See Russ Berrie & Co., Inc. v. Jerry Elsner Co., Inc.*, 482 F.Supp. 980, 988 (S.D.N.Y.1980) (noting that when a copyright claimant fails to advise the Copyright Office of the existence of a prior work in the public domain, the Office is not afforded fair opportunity to pass upon the question of originality in relation to the prior work and the copyright therefore may be invalid). When a party rebuts the presumption of validity of a copyright, a court is justified in departing from the norm of judicial deference to the judgment of the Copyright Office as to the validity of the copyright. *See id.* In the instant matter, the Court finds that Gibson's failure to register the design as a derivative work rebuts the presumption of the copyright's validity. This finding does not, however, automatically invalidate the copyright. *See L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 490 n. 2 (2d Cir.1976); *see also JBJ Fabrics, Inc. v. Brylane, Inc.*, 714 F.Supp. 107, 109 (S.D.N.Y.1989).

Although the Court does not presume that Gibson's copyright is valid, LAI and Sears still must prove that Gibson's design lacks the requisite originality for copyright protection in order to prevail on their motion for summary judgment. Conversely, Gibson cannot succeed on its summary judgment motion without showing that its design possesses sufficient originality for copyright.

■ For a derivative work to have sufficient originality, its variation from the work from which it is derived must be "substantial" in nature, not "merely trivial." *L. Batlin*, 536 F.2d at 490 (quoting *Chamberlin v. Uris Sales Corp.*, 150 F.2d 512, 513 (2d Cir. 1945)); *accord Durham*, 630 F.2d at 909–10. Although this seems a difficult standard to meet, the requirement of substantial change is not much more than a "prohibition of mechanical copying." *L. Batlin*, 536 F.2d at 490. All that is required is a "distinguishable variation" from the original. *Id.*

In the context of textile copyrights, the standard applied by the United States Court of Appeals for the Second Circuit for originality of derivative works is particularly easy to satisfy. In *Soptra Fabrics Corp. v. Stafford Knitting Mills, Inc.*, 490 F.2d 1092, 1094 (1974) (per curiam), the Second Circuit stated:

> [T]he law of this circuit in terms of textile designs [is that] [t]he embellishment or expansion of the original design 'in repeat,' so as to broaden the design and thereby cover a bolt of cloth, together with beginning the pattern in a particular way so as to avoid showing an unsightly joint when the pattern is printed on textiles on a continual basis, constitutes modest but sufficient originality so as to support [a] copyright.

*Id.* (referring with approval to *Peter Pan Fabrics v. Dan River Mills*, 295 F.Supp. 1366 (S.D.N.Y.), *aff'd*, 415 F.2d 1007 (2d Cir. 1969) (per curiam)); *see, e.g., Peter Pan Fabrics, Inc. v. Rosstex Fabrics, Inc.*, 733 F.Supp. 174 (S.D.N.Y.1990); *Dolori Fabrics, Inc. v. Limited, Inc.*, 662 F.Supp. 1347 (S.D.N.Y.1987); *Delman Fabrics, Inc. v. Holland Fabrics, Inc.*, No. 84 Civ. 2512–CSH, 1985 WL 2571 (S.D.N.Y. Sept.19, 1985); *Kenbrooke Fabrics, Inc. v. Material Things*, 223 U.S.P.Q. 1039 (S.D.N.Y.1984).

Here, as in *Dan River*, only a "very modest grade of originality" is displayed by the plaintiff's changes to the original design. *Dan River*, 295 F.Supp. at 1368. Gibson claims that it put the design in repeat by reducing the original and piecing the small sheets together to form a large sheet that would fit the printer. In direct conflict with Gibson's claim, the defendants' expert states that because the antique swatch was already in repeat when Gibson purchased it, meaning that the rose and scroll design repeated itself in a regular manner within the swatch, Gibson did not put the design in repeat. (Declaration of Jeanette Barbaro ¶ 5.)

■ The Court finds that there is no material issue of disputed fact as to the originality of Gibson's work. Even though the original eighteen-inch-wide swatch is in repeat, it was necessary for Gibson to put the design in repeat so that it nicely fit a wider sheet of fabric. Gibson evenly placed the repeating

design from the swatch onto a sheet of fabric that was forty-four or forty-five inches wide. (Deposition of Claudia Rahn at 30.) Furthermore, the Court has compared Gibson's design to the reduced version of the original and found that the repeat measurement and figure dimensions, although close, are not exactly the same. Thus, Gibson's changes to the design entail sufficient modification to support a copyright. Accordingly, the Court holds that elements of Gibson's Pattern # 3602 are sufficiently original to warrant copyright protection.[2]

## III. FAILURE TO INFORM THE COPYRIGHT OFFICE OF THE DERIVATIVE NATURE OF THE WORK

In its copyright application, Gibson failed to reveal that it derived Pattern # 3602 from a preexisting work. Defendants claim that Gibson's failure to disclose the derivative nature of the work was deliberate and that this intentional omission invalidates the Pattern # 3602 copyright.

■ The Second Circuit has held that the " 'knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute[s] reason for holding the registration invalid and thus incapable of supporting an infringement action ... or denying enforcement on the ground of unclean hands.' " *Eckes v. Card Prices Update,* 736 F.2d 859, 861–62 (2d Cir. 1984) (quoting *Russ Berrie,* 482 F.Supp. at 988). However, under the doctrine of fraud on the Copyright Office, the presumption of validity [of the copyright] may only be overcome by "proof of deliberate misrepresentation." *Whimsicality, Inc. v. Rubie's Costume Co., Inc.,* 891 F.2d 452, 455 (2d Cir. 1989); *see also Fonar Corp. v. Domenick,* 105 F.3d 99, 105 (2d Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 265, 139 L.Ed.2d 191 (1997). Omissions that are inadvertent or innocent will not result in the invalidation of a copyright. *See Eckes,* 736 F.2d at 861; *accord Thomas Wilson & Co. v. Irving J. Dorfman Co., Inc.,* 433 F.2d 409, 412 (2d Cir.1970).

■ There is no evidence that Gibson's failure to inform the Copyright Office of the work's derivative nature was motivated by scienter rising to the level of deliberate misrepresentation. Therefore, it is inappropriate for the Court to grant summary judgment to defendants on this claim. Furthermore, the submission of conclusory allegations of fraud, without more, is insufficient to pose a question of material fact relevant to the dispute. For this reason and because the design is sufficiently original for copyright purposes, the Court denies defendants' motion for summary judgment and holds that Gibson's copyright of Pattern # 3602 is valid. .

## IV. INFRINGEMENT OF THE COPYRIGHT

■ To succeed on its motion for summary judgment on the issue of copyright infringement, Gibson not only must possess a valid copyright but also must demonstrate actual copying by LAI. *See Warner Bros. v. American Broadcasting Cos.,* 654 F.2d 204, 207 (2d Cir.1981). In the absence of direct proof, copying may be inferred where a plaintiff establishes that a defendant had access to the copyrighted work and that substantial similarities exist as to protectible material in the two works. *See Folio Impressions, Inc. v. Byer California,* 937 F.2d 759, 765 (2d Cir.1991).

As it is undisputed that LAI had access to Gibson's design, proof of substantial similarity between the works equates to proof of copying. . Under the "ordinary observer" test adopted by the Second Circuit, two works are substantially similar if "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted. work." *Ideal Toy Corp. v. Fab–Lu Ltd.,* 360 F.2d 1021, 1022 (2d Cir.1966); *accord, e.g., Novelty Textile Mills v. Joan Fabrics Corp.,* 558 F.2d 1090, 1093 (2d Cir.1977). In the context of the current dispute, however, the Court considers the "ordinary observer" test in light of the limited modes of expression which are available, as a practical matter, for this type of design. As Professor

---

**2.** "[C]opyright protection extends only to those components of the work that are original to the

creator." *Rogers v. Koons,* 960 F.2d 301, 307 (2d Cir.1992).

Nimmer has noted, "similarity of expression ... which necessarily results from the fact that the common idea is only capable of expression in more or less stereotyped form, will preclude a finding of actionable similarity." 4 *Nimmer on Copyright* § 13.03[B][3], at 13–69 (1997); *see also Durham,* 630 F.2d at 916. Thus, it is possible that any similarities between Gibson's and LAI's designs are the result of inevitable congruities rather than indicia of copying. *See Mattel, Inc. v. Azrak–Hamway Int'l, Inc.,* 724 F.2d 357, 360 (2d Cir.1983) (per curiam).

 Sustenance of a claim of copyright infringement in a work created by putting a public domain swatch in repeat is not a facile endeavor. This is due to the unavoidable similarities that are present in other works derived in like manner. Thus, where a plaintiff closely models its work after a design in the public domain, the showing of imitation must be stronger than usual and even small variations may protect a subsequent designer from infringement. *See Millworth Converting Corp. v. Slifka,* 276 F.2d 443, 445 (2d Cir.1960); *see also Concord Fabrics, Inc. v. Generation Mills, Inc.,* 328 F.Supp. 1030, 1033 (S.D.N.Y.1971).

 The Court notes that the repeat width of LAI's fabric is substantially different from the repeat width of Gibson's fabric.[3] Since the repeat pattern is the main protectible element of Gibson's design, and the variations in design available when putting a public domain fabric in repeat are limited, this difference is significant. Accordingly, the Court cannot conclude as a matter of law that LAI or Sears infringed Gibson's copyright.

### CONCLUSION

For the reasons stated above, defendants' motion for summary judgment is HEREBY DENIED, and plaintiff's motion for summary judgment is HEREBY GRANTED as to the validity of its copyright, and is HEREBY DENIED as to the issue of copyright infringement by the defendants. The parties are directed to appear for a pre-trial conference in Courtroom 18B at 500 Pearl Street on September 18, 1998, at 11:00 a.m.

**SO ORDERED.**

---

3. The Court's rough measurements indicate Gibson's fabric's repeat size to be five and seven-eighth's inches and LAI's fabric's repeat size to range from six and three-eighth's to six and seven-sixteenth's inches. This half-inch difference is sizeable in comparison to the designs' elements, which are two-and-a-half-inches wide at most.