**MALDEN MILLS, INC., Plaintiff-Appellant-Cross Appellee,**

v.

**REGENCY MILLS, INC., Defendant-Appellee-Cross Appellant.**

Nos. 1231, 1408, Dockets 80–7303, 80–7341.

United States Court of Appeals, Second Circuit.

Argued June 13, 1980.

Decided Aug. 7, 1980.

James K. Silberman, New York City (Blum, Kaplan, Friedman, Silberman & Beran, New York City, Steven H. Hartman, New York City, of counsel), for plaintiff-appellant-cross appellee.

Richard Seltzer, New York City (Ruben, Schwartz, Lasker & Schnall, New York City, of counsel), for defendant-appellee-cross appellant.

Before LUMBARD and MANSFIELD, Circuit Judges, and MEHRTENS, District Judge.*

LUMBARD, Circuit Judge:

Malden Mills appeals from the denial by the District Court for the Southern District of New York, Brieant, J., of a permanent injunction against Regency Mills based on Regency's alleged infringement of a copyrighted textile design. Judge Brieant found that all the requirements for such an injunction, except that of substantial similarity of the two designs, had been met. In our view it is apparent that the two designs are in fact substantially similar and, accordingly, we reverse and remand to the district court with instructions to enter a permanent injunction.

In 1977, Malden hired a design firm to create a textile design consisting of a tree

---

\* Pursuant to § 0.14 of the Rules of this Court, this appeal is being determined by Judges Lumbard and Mansfield, who are in agreement with this opinion. Hon. William O. Mehrtens, United States Senior District Judge for the Southern District of Florida, sitting by designation, who heard the argument, unfortunately died on July 16, 1980. Before his death, Judge Mehrtens voted to reverse and remand the decision of the District Court and was in agreement with his colleagues on all issues in the case. He did not have the opportunity, however, to see this opinion prior to his death.

scene with flowers. Malden, by its officer Sanford Levine, accepted the design, designated it as Style No. 818N and registered its copyright as No. VA 42–277. Style No. 818N has been one of Malden's most successful fabrics. Since its introduction in 1978, approximately 1,700,000 yards of Style No. 818N, nearly all of it destined for furniture upholstery, have been sold. The pattern is available in four color mixes, of which one, in which brown predominates, known as No. 637, accounted for 98% of Style No. 818N's sales.

In the summer 1979, Sanford Levine left Malden, along with his brothers, also Malden employees, to found Regency Mills. Soon afterwards, Regency introduced a fabric called "Rustic Road," available in two color mixes, rust and brown. There was no testimony at trial as to how Rustic Road was designed, although Sanford Levine did testify that he had told his brother Ronald that he "wanted a tree-type pattern." The district court found that the principals of Regency knew of the design of Style No. 818N and of its success.

The sole substantial issue on this appeal is whether or not the trial court erred in holding that the two designs were not substantially similar.[1] It is settled in this circuit that an appellate court will exercise powers of *de novo* review in deciding such an appeal. As we stated in *Concord Fabrics, Inc. v. Marcus Brothers Textile Corp.,* 409 F.2d 1315, 1317 (2d Cir. 1969): "As we have before us the same record, and as no part of the decision below turned on credibility, we are in as good a position to determine the question as is the district court."[2]

The standard of substantial similarity as perceived by the ordinary observer is well-settled in this circuit. *Ideal Toy Corp. v. Fab-Lu Ltd.,* 360 F.2d 1021 (2d Cir. 1966); *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487 (2d Cir. 1960). Noting that two fabric designs were "not identical" in *Peter Pan,* Judge Learned Hand pointed out that "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them." *Peter Pan, supra,* at 489. In *Ideal Toy* we said that "the appropriate test for determining whether substantial similarity is present is whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Supra* at 1022.

We have examined the two fabrics and are convinced that an ordinary observer would not notice the disparities unless he set out to find them, and that he would recognize the alleged copy as an appropriation. The two designs are of such likeness with regard to subject matter, style of representation, shading, composition, relative size and placement of components, and mood as to obviously substantially similar.

Malden's fabric comprises a central scene of a large tree leaning at a 45° angle over a body of water. In the background, on the far shore of the river or lake, are other, smaller trees. In the foreground, below and to the left of the tree, is a clump of large flowers. The Regency design also consists of a tree leaning at a 45° degree angle over a body of water. Smaller trees—though these appear to be evergreens rather than deciduous trees, as in

---

1. The district court found that all of the elements needed for a permanent injunction in an infringement case had been proved except for substantial similarity, and these findings are not challenged, except to the extent that Regency cross-appeals from the district court's finding that Malden had a valid copyright in its Style No. 818N. Regency bases this argument on the contention that the design of Style No. 818N is a "merely trivial," *see Alfred Bell & Co., Ltd. v. Catalda Fine Arts,* 191 F.2d 99, 103 (2d Cir. 1951), variation on an illustration in an English book and a fabric known as Fragonard by Kandell. We find Regency's cross-appeal to be without merit. The English book referred to

was not in evidence in the district court, and our comparison of Style No. 818N to the Fragonard design reveals more than "merely trivial" differences. In the absence of any evidence that Malden merely copied another design, the district court's finding that the copyright possessed by Malden was valid must be affirmed. *Alfred Bell & Co., Ltd. v. Catalda Fine Arts, supra.*

2. We do not view the expert testimony in this case, which merely amounted to opinions regarding matters within the knowledge of the lay observer, to preclude *de novo* review.

Malden's picture—border the body of water. Also in the lower left foreground of the central part of the Regency design is a clump of large flowers, though the mix of species among the flowers differs. The size of the central tree and flowerbed is the same in both designs. In the Malden design, a Japanese bridge spans the water; no such bridge appears in the Regency design. But in that same area of the Regency design, an overarching curve of tall grass simulates the missing bridge.

The differences between the two designs enumerated by the district court are not enough to support its conclusion of dissimilarity. In denying an injunction in *Concord Fabrics, supra,* the district court had commented that plaintiff's pattern contained 25 daisies in each handkerchief and no kidney-shaped elements, while defendant's design contained 32 kidney-shaped elements and no daisies. We rejected such a daisy-counting approach on appeal, emphasizing instead the similarity of the primary elements of the design and of the two fabrics; the similarity of colors; and the same general impression given by both samples. We noted that the differences cited by the district court only "emphasize the extent to which the defendant has deliberately copied from the plaintiff."

The case at bar presents the same situation. For example, although the flowers used in Rustic Road are not botanically the same as those in Style No. 818N, the position of the flowers, the technique used to represent them, the relative color weight accorded them, and the use of blank space revealing the underlying fabric color to give the appearance of light and shade is very similar. Detailed visual comparison of different elements in the fabrics—trees, flowers and other scenic features—underscores our conviction that "defendant copied plaintiff's basic design, making only minor changes in an effort to avoid the appearance of infringement." *Concord Fabrics, supra,* at 1316. The similarity of color tones, color placement and relative color intensities in the brown version of Rustic Road bolsters this belief.

Given our view of the fabrics, Regency's contention that its design represents a road while Malden's represents a river is irrelevant. Both represent scenes of trees, grass, and flowers in the countryside, and the presence of a road or bridge is not controlling when the similarities are as substantial as they are in this case.

Reversed and remanded to the district court with instructions to enter a permanent injunction against defendants and for further proceedings to determine damages and attorneys fees.