**MISTER B TEXTILES INCORPORATED, Plaintiff,**

v.

**WOODCREST FABRICS, INC., Defendant.**

**80 Civ. 6014 (CBM).**

United States District Court, S. D. New York.

Jan. 5, 1981.

Simon, Sussman, Uncyk, Forseter & Borenkind by Marc L. Zoldessy, New York City, for plaintiff.

Ballon, Stoll & Itzler, New York City, for defendant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

This case comes before the court on a motion by plaintiff, Mr. B Textiles (Mr. B), for a preliminary injunction to prevent defendant, Woodcrest Fabrics, Inc. (Woodcrest), from selling certain fabrics which allegedly infringe on copyrighted fabrics manufactured by plaintiff.

On October 23, 1980, plaintiff served an order to show cause upon defendant. A hearing took place before this court the same day, and both sides were represented by counsel. Plaintiff's request for a temporary restraining order (TRO) was granted on that date. Subsequently the TRO was extended by a series of mutually agreed upon stipulations, pending completion by plaintiff of its preparations for the preliminary injunction hearing.

On November 25, 1980, this court signed an order to show cause directing a company known as Cobina Frock, Inc. (Cobina) to appear and demonstrate why it should not be joined as a defendant in this action. The order, signed by this court on November 25, 1980, also extended the temporary restraining order against Woodcrest to Cobina. The order was prompted by plaintiff's discovery that Cobina was manufacturing and selling garments made with the allegedly infringing fabrics. By stipulation and order signed on November 26, 1980, counsel for Cobina agreed to extension of the temporary restraining order against Cobina until such time as a hearing was held on plaintiff's application for a preliminary injunction. That same order provided for consideration of the joinder motion at the same time as the hearing on the preliminary injunction. The preliminary injunction hearing was held on December 16 and 17, 1980, and all parties were represented.

The following discussion constitutes this court's findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure. For the reasons given below, this court grants plaintiff's requests for a preliminary injunction and joinder of Cobina as a co-defendant.

### FACTS

All parties are New York corporations, and each has its principal place of business here. In November, 1979, a Ms. Toni Lombardi, then employed by plaintiff, engaged the services of a design firm, Nina Lewin, Inc., to create a new design to be used by plaintiff. Ms. Lombardi presented Ms. Lewin with pictures of two garments taken from foreign magazines. She instructed Ms. Lewin to make certain modifications in the designs to adapt them to the American fabric market. The pictures were to be used to make a single new design suitable for sale in this country. Plaintiff paid Ms. Lewin $350 for her efforts.

Plaintiff entitled the resulting design "Pattern 2011—Swept Away." Plaintiff applied for and received a certificate of copyright registration for this design. The certificate was issued on April 14, 1980, and plaintiff has placed the certificate in evidence. Plaintiff began manufacturing fabric incorporating the copyrighted design in February, 1980. According to plaintiff's Vice President, plaintiff first became aware of defendant's allegedly infringing fabric on October 21, 1980. Plaintiff first became aware of Cobina's use of the allegedly infringing fabric on November 19, 1980.

This court finds first that there is recognizable variation between plaintiff's fabric and the designs found in the pictures obtained from foreign magazines. Second, this court finds that defendant's fabric is clearly substantially similar to plaintiff's copyrighted fabric. The average lay observer would have considerable difficulty distinguishing between the two fabrics without close examination.

### CONCLUSIONS OF LAW

In order to show infringement, "a plaintiff must demonstrate ownership of a valid copyright, and copying by the defendant." *Novelty Textile Mills v. Joan Fabrics Corporation*, 558 F.2d 1090, 1092 (2nd Cir. 1977). Thus there are three basic elements which plaintiff must prove: (1) ownership, (2) validity, and (3) copying. Plaintiff has placed a copyright registration for its fabric into evidence. The certificate establishes a *prima facie* case of copyright ownership and validity. See 17 U.S.C. § 410(c). Defendant contests both plaintiff's ownership of its patent, and the patent's validity.

With respect to ownership, defendant contends that since plaintiff has admitted that the fabric design at issue was produced by Ms. Nina Lewin at plaintiff's request, plaintiff is not the owner of the copyright. The court must therefore determine the status of copyright ownership. All parties agree that since the fabric at issue was designed after January 1, 1978, this issue must be determined by applying the provisions of the Copyright Law Revision Act, P.L. 94–553, 17 U.S.C. § 101 *et seq.*

Plaintiff contends that it owns the copyright to the pattern at issue because Ms.

Lewin's design was a "work for hire." The applicable provision of the Copyright Act, as amended, reads in pertinent part:

Initial Ownership.—Copyright in a work protected under this title vests initially in the author or authors of the work. The authors of a joint work are coowners of copyright in the work.

Works Made for Hire.—In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright. 17 U.S.C. § 201(a) and (b).

Defendant contends that the section of the statute just quoted is inapplicable. According to defendant, the reach of the "Works Made For Hire" section of the statute is circumscribed by the statutory definition of the term "Works Made for Hire." This definition reads in pertinent part:

A "work made for hire" is—

(1) a work prepared by an employee within the scope of his or her employment; or

(2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audio-visual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire.

17 U.S.C. § 101.

In essence, defendant argues that the Copyright Law, as amended, only allows the "work for hire" doctrine to operate in situations involving the types of specifically enumerated works found in the statutory definition. This argument, if correct, would mean that a fabric design produced by an independent contractor at the request of another party could not be a work for hire. Instead, as this court understands defendant's argument, the independent contractor would be the "author" of the work and copyright owner. Thus the person who contracted for production of the fabric design could only become the copyright owner upon a written transfer as required by the amended statute. 17 U.S.C. § 204.

As far as the court can discover, this case is the first instance in which a federal court has been asked to construe the reach of the "Work for Hire" provision of the new copyright law. After examining the statute, and its legislative history, the court concludes that plaintiff is the owner of this copyright. Initially, the court observes that defendant's position appears to be correct. Defendant's argument is borne out by the legislative history of P.L. 94–553, which, in describing the operation of the work for hire provision, statutes in pertinent part:

The status of works prepared on special order or commission was a major issue in the development of the definition of "works made for hire" in section 101 [section 101 of this title], which has undergone extensive revision during the legislative process. *The basic problem is how to draw a statutory line between those works written on special order or commission that should be considered as "works made for hire," and those that should not. The definition now provided by the bill represents a compromise which, in effect, spells out those specific categories of commissioned works that can be considered "works made for hire" under certain circumstances.*

H.Rep.No.94–1476, 94th Cong. 2d Sess. pg. 121 (1976) (emphasis added).

However, defendant's argument, even if correct, is not dispositive of the ownership question here. The facts indicate that Ms. Lewin created this design with the participation of Ms. Lombardi. Ms. Lewin's uncontroverted affidavit states that to some extent she proceeded under Ms. Lombardi's direction. Ms. Lombardi has testified that her design contribution was minimal, but serious doubt has been cast on the credibility of Ms. Lombardi's testimony. On cross examination it was revealed that Ms. Lombardi was fired by plaintiff at some point

after the design of the fabric in issue due to a dispute over remuneration received by her from plaintiff. As indicated by the court's factual findings above, this court concludes that Ms. Lombardi played a significant role in the creation of plaintiff's copyrighted fabric.

Assuming that the copyright is otherwise valid, Ms. Lombardi's involvement in the creation of this fabric makes her one of "[t]he authors of a joint work" for purposes of 17 U.S.C. § 201(a), the "initial ownership" section of the revised copyright law. As such, she and Ms. Lewin "are coowners of copyright in the work." 17 U.S.C. § 201(a). Since Ms. Lombardi was employed by plaintiff when she participated in design of Pattern 2011—Swept Away, her rights in the copyright would pass to her employer. See 17 U.S.C. § 201(b). Defendant concedes that the work for hire doctrine survives intact with respect to employer and employees rather than independent contractors and the persons contracting with them. Plaintiff is therefore the coowner of the copyright in Pattern 2011—Swept Away.

The legislative history of the Copyright Revision Act clearly states:

> Under the Bill, as under present law, coowners of a copyright would be treated generally as tenants in common, with each coowner having an independent right to use or license the work...

H.Rep.No.94–1476, *supra*, at 120. Plaintiff's coownership is therefore sufficient ownership interest to maintain this suit.

Since ownership has been established, the next question before the court is whether the copyright is itself valid. Defendant argues that the copyright is invalid because the design was copied from pictures out of foreign magazines and is therefore not original. The Second Circuit has described the standard to be applied in determining originality as follows:

> Originality is, however, distinguished from novelty; there must be independent creation, but it need not be invention in the sense of striking uniqueness, ingeniousness, or novelty, since the Constitution differentiates "authors" and their "writings" from "inventors" and their "discoveries." ... Originality means that the work owes its creation to the author and this in turn means that the work must not consist of actual copying....

> The test of originality is concededly one with a low threshold in that "[a]ll that is needed ... is that the 'author' contributed something more than a 'merely trivial' variation, something recognizably 'his own.' " ... But as this court said many years ago, "[w]hile a copy of something in the public domain will not, if it be merely a copy, support a copyright, a distinguishable variation will...."

*L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 491 (2d Cir. 1976) (citations omitted).

After comparing the magazine pictures given to Ms. Lewin with plaintiff's copyrighted fabric, this court concludes that there is more than "trivial variation." *Id.* Defendant's argument that the copyright is invalid is accordingly rejected. Moreover, this court also rejects defendant's contention that only some portion or aspect of plaintiff's fabric is copyrightable because Pattern 2011—Swept Away is a "derivative work."

Defendant argues that since fashion magazine photos served as inspiration for plaintiff's design, the design is a "derivative work." The Copyright Law, as amended, provides:

> "*The copyright is a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the pre-existing material employed in the work, and does not imply any exclusive right in the pre-existing material.* The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership or subsistence of, any copyright protection in the preexisting material."

17 U.S.C. § 103(b) (emphasis added). Relying on the statute above, defendant contends that plaintiff may only claim copy-

right protection for those portions of its fabric not derived from the magazine photos. Thus, when this court determines whether the accused fabric is sufficiently similar to plaintiff's fabric to constitute an infringement, defendant argues that similarity may only be judged with respect to those portions of plaintiff's fabric not taken from the magazine photos.

Again, there is no precedent under the new statute to guide the court, but it seems that there are factual flaws in defendant's position. Comparison of the magazine photos with the copyrighted fabric shows that plaintiff combined elements of each of the two pictures with elements not present in either picture to create an artistic impression markedly different from both pictures. The court is not dealing with a book or song where preexisting material may be confidently separated from new material. Instead, the court is confronted by a unified artistic conception. Certainly that conception did not appear from out of thin air. Plaintiff's fabric does incorporate aspects of preexisting designs, but the final product is not amenable to being disassembled in the fashion defendant's argument would require.

■ Having determined that plaintiff owns a valid copyright, the court must now decide whether the fabric was actually copied. Since direct proof of copying is rarely available, copying may be proved by demonstrating access and substantial similarity between the accused fabric and the copyrighted fabric. *See Novelty Textile Mills v. Joan Fabrics Corporation*, 558 F.2d 1090, 1092 (2nd Cir. 1977). Defendant's own evidence demonstrates that it had access to plaintiff's design. Defendant has placed in evidence a piece of unmarked, unidentified fabric. Defendant contends that it was given this piece of fabric by a customer from South Africa along with a request that the design be reproduced. The unmarked fabric is identical to plaintiff's fabric. It is not necessary for defendant to have had a specific intent to copy plaintiff's fabric. Defendant set out to produce a piece of fabric similar to plaintiff's fabric. In order for this court to conclude that defendant lacked access, we would have to assume that some third party is producing fabric which is exactly the same as plaintiff's fabric. The more reasonable conclusion is that defendant was given an unmarked piece of plaintiff's fabric which was then used in making defendants design. As for similarity, this court concludes that the two fabrics are clearly substantially similar as the test for determining same is defined in this circuit:

> The appropriate test for determining whether substantial similarity is present is whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.

*Malden Mills, Inc. v. Regency Mills, Inc.*, 626 F.2d 1112, 1113 (2d Cir. 1980), *quoting, Ideal Toy Corp. v. Fab-Lu Ltd.*, 360 F.2d 1021, 1022 (2d Cir. 1966).

■ Plaintiff has, therefore, demonstrated reasonable probability of success on the merits with respect to his claim of copyright infringement. *Concord Fabrics, Inc. v. Marcus Brothers, Inc.*, 409 F.2d 1315 (2d Cir. 1969).

■ In copyright cases, in order for a preliminary injunction to issue, the copyright proprietor need not make a detailed showing of irreparable injury resulting from the infringement. *Wainwright Securities Inc. v. Wall Street Transcript Corp.*, 558 F.2d 91 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 759 (1978); *Rushton v. Vitale*, 218 F.2d 434 (2d Cir. 1955). A holder of a copyright is presumed to suffer irreparable harm when his right to the exclusive use of the copyrighted material is involved. *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1094 (2d Cir. 1977).

Therefore, as provided in the order filed simultaneously herewith, the temporary restraining orders issued by this court on October 23, 1980, and November 26, 1980, against defendants Woodcrest and Cobina, respectively, are hereby extended as preliminary injunctions. These orders will remain in effect until this court determines plaintiff's application for permanent injunctive relief.

SO ORDERED.