**Susan BRANCH, Plaintiff,**

v.

**OGILVY & MATHER, INC. and Pepperidge Farm, Inc., Defendants.**

**No. 89 Civ. 2440 (CHT).**

United States District Court, S.D. New York.

Nov. 23, 1990.

---

Duetsch Klagsbrun & Blasband, New York City (David Blasband, Nancy F. Wechsler, Jessica R. Friedman, of counsel), for plaintiff.

Satterlee Stephens Burke & Burke, New York City (Robert M. Callagy, Jan Uhrbach, of counsel), for defendants.

## OPINION AND ORDER

TENNEY, District Judge.

This is an action for copyright infringement. Defendants have moved *in limine* for an order (1) prohibiting plaintiff from introducing into evidence certain letters from members of the public, and any reviews or advertisements relating to plaintiff's book *Heart of the Home* or her subsequent book *Vineyard Seasons;* (2) prohibiting plaintiff from arguing to the jury that "individual elements" of her book are protectible or were copied by defendants; (3) ruling that the "total concept and feel" of plaintiff's work is not copyrightable; and (4) limiting plaintiff's use of expert testimony. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Susan Branch is the author and illustrator of a cookbook entitled *Heart of the Home.*[1] The cookbook is handwritten in script and contains recipes, pictures, poems, quotations, and notes to the reader.

---

**1.** The facts set forth below are based on the detailed opinion of Judge Louis L. Stanton. *Branch v. Ogilvy & Mather, Inc.,* 1990 WL 74540 (S.D.N.Y. filed May 30, 1990) ("Opinion and Order" denying defendants' motion for summary judgment on plaintiff's copyright claim).

Most of the recipes are enclosed in borders, usually consisting of lines, dots, flowers, hearts, or combinations of the same. Branch possesses a certificate of copyright registration for "the entire text and illustrations" of *Heart of the Home.*

Defendant Ogilvy & Mather, Inc. ("Ogilvy & Mather") is the advertising firm for defendant Pepperidge Farm, Inc. ("Pepperidge Farm"). In the fall of 1987, Ogilvy & Mather decided to solicit a print advertising campaign for Pepperidge Farm which would emphasize Pepperidge Farm's "old fashioned" image. To facilitate this effort, the agent in charge of the Pepperidge Farm account, Christopher Quillen, went to a bookstore to research folk art for the campaign. He purchased *Heart of the Home* because he was interested in possibly hiring the author to execute the illustrations. Subsequently, Quillen met with Branch, and offered her the opportunity to illustrate the campaign contingent on Pepperidge Farm's approval. Branch accepted the offer.

Branch then executed preliminary drawings of the ads which are referred to by the parties as "comps." Although Quillen liked the comps, he could not use them because Branch had changed the Pepperidge Farm logo in one ad and had diverged from Quillen's directions in others. Since the ad presentation for Pepperidge Farm was scheduled for the next day, Quillen and other illustrators revised Branch's comps. In addition to using Branch's book as a reference, Quillen traced Branch's handwriting and cut and pasted several of her illustrations onto the comps. When Quillen showed the revised comps to Pepperidge Farm representatives, they reacted enthusiastically and agreed that Branch should illustrate the campaign.

After this point, the facts are in dispute. According to Ogilvy & Mather, Quillen called Branch to commence work, but she said that she could not start immediately because she was going on vacation. Since the ads had to be produced right away, Quillen told Branch that he would have to find someone else to do the job, but that she should call him when she returned be-cause he still wanted her to work on some of the ads. Branch contends, however, that Quillen told her he was going on vacation, and that she called him when he returned in order to arrange a meeting.

Ogilvy & Mather ultimately hired Lisa Ernst (a children's book illustrator) to execute the advertisements for the campaign. Quillen sent her a copy of *Heart of the Home,* instructing her to base the handwriting on the book since the layout space for the ads had already been calculated according to the dimensions of Branch's handwriting.

On April 12, 1989, plaintiff commenced this suit alleging that defendants infringed her copyright in *Heart of the Home,* diluted its trade dress, and competed unfairly. In an opinion and order dated May 30, 1990, Judge Stanton granted defendants' motion for summary judgment with respect to plaintiff's claim of unfair competition, but denied the motion with respect to the copyright and dilution claims. On August 21, 1990, the case was transferred to this court's docket.

## DISCUSSION

### (1) *Exclusion of Evidence*

Defendants seek to exclude from evidence certain letters which were sent to plaintiff by various members of the public including her friends, as well as certain advertisements and reviews of plaintiff's cookbook. Defendants argue that these items should be excluded because they are not relevant and constitute hearsay.

Plaintiff has offered the letters, reviews, and advertisements to prove the value of her work in light of her claim that her work was worth far more than the going rate for an unknown illustrator. According to plaintiff, this evidence as to the value of her cookbooks would permit the jury to make the inference that defendants copied her work found therein. Such a contention, however, is not supported by the case law.

In a copyright case, copying is proved by defendant's access to plaintiff's work, and by the substantial similarity be-

tween plaintiff's and defendant's works. *See Nimmer on Copyright* § 13.01[B]. Since the defendants have stipulated to the access requirement, the inference of copying will be supported by the jury's finding of substantial similarity. The value of plaintiff's cookbook has nothing to do with its similarity to defendants' ads, and thus, the evidence in question is irrelevant on the issue of copying.

█ Defendants also argue that these items should be excluded as hearsay. Fed. R.Evid. 801, 802. In addition to being offered for the truth of the matters asserted therein, none of the authors of these letters or reviews is being called as witnesses at trial, thus eliminating the opportunity for cross examination. Plaintiff contends, however, that the letters, reviews and ads should be admitted under the residual exception to the hearsay rule. Fed.Rule Evid. 803(24). The court, however finds this exception inapplicable since the items in question do not have the "equivalent circumstantial guarantees of trustworthiness" as required by Rule 803(24).

Therefore, defendants' motion to exclude from evidence the letters, reviews and advertisements concerning plaintiff's cookbook is granted.

(2) *The Individual Elements of Plaintiff's Work*

█ Plaintiff's copyright claim rests on the allegation that defendants copied the "total concept or feel" of her cookbook. Defendants assert that because of this fact, plaintiff should be precluded from arguing that defendants copied the "individual elements of her cookbook."[2] In addition to the fact that defendants cite no caselaw to support their argument, there exists ample authority to the contrary.

In *Roulo v. Berrie,* one of the seminal "total concept and feel" cases, the Seventh Circuit addressed this issue in the context of plaintiff's copyright in the design of its greeting cards. The court explicitly rejected the claim that it was improper for the jury to have considered individual "elements of similarity unprotected by the copyright laws" in the plaintiff's greeting cards. 886 F.2d 931, 939 (7th Cir.1989), *reh'g denied, cert. denied,* —— U.S. ——, 110 S.Ct. 1124, 107 L.Ed.2d 1030 (1990). On the issue of copying, the court allowed the jury to consider the uncopyrightable elements of plaintiff's cards, such as their sizes, "the color of the paper, ink, and border designs, the concept of stripes, and the ellipses and the single-side format." *Id.; see also Roth Greeting Cards v. United Card Company,* 429 F.2d 1106, 1111 (9th Cir.1970) (plaintiff may prove that the defendant infringed her copyright in the "total concept and feel" by showing that the defendant copied individual elements of the work).

The Second Circuit adopted this approach in where the court compared each component of two textile designs in determining that they were substantially similar. *Malden Mills, Inc. v. Regency Mills, Inc.,* 626 F.2d 1112, 1113–14 (2d Cir.1980). Similarly, in *Steinberg v. Columbia Pictures Industries, Inc.,* Judge Stanton compared the uncopyrightable details of two posters in deciding the issue of substantial similarity. 663 F.Supp. 706, 713 (S.D.N.Y.1987). In fact, the *Steinberg* court explicitly acknowledged that although "[t]he typeface is not a subject of copyright," it is relevant to substantial similarity because "the similarity reinforces the impression that defendants copied plaintiff's illustration." *Id.* at 711; *see also E. Mishan & Sons, Inc. v. Marycana, Inc.,* 662 F.Supp. 1339 (S.D.N.Y.1987).

Given this line of authority, the jury in this case will be allowed to consider the individual elements of *Heart of the Home* in deciding whether defendants' copied the book's "total concept and feel." Therefore, defendants' motion to preclude plaintiff

---

**2.** Defendant also argues that plaintiff should be precluded from arguing the copyrightability of the individual elements of her cookbook. Plaintiff, however, has never claimed, nor is claiming now, that the individual elements of her cookbook's "concept or feel" are copyrightable. She has fully apprised defendants that she will not make such an argument at trial. Letter from Jessica R. Friedman to Hon. Charles H. Tenney (Nov. 19, 1990).

from arguing that they copied individual elements of her cookbook is denied.

### (3) Copyrightability of "Total Concept and Feel"

Defendants contend that as a matter of law, the "total concept and feel" of plaintiff's cookbook is not copyrightable. Def. Mem. of Law in Support of *In Limine* Motion ("Def.Mem. of Law") at 6. Although defendants made the same argument in their motion for summary judgment before Judge Stanton, they now contend that the issue was never decided, since Judge Stanton stated only that "plaintiff's arrangement of artistic techniques *may* be protected expression." *Id.* at 6 (citing *Branch v. Ogilvy & Mather, Inc.*, (S.D. N.Y. filed May 30, 1990) ("Opinion") at 20 (emphasis added)).

■ Judge Stanton, however, explicitly stated that "before a court may send a copyright case to the jury, it must satisfy itself that ... at least some of what the defendant copied falls into the area of protectible expression." Opinion at 15. By denying defendants' motion for summary judgment on this issue, Judge Stanton did decide to send the copyright claim to the jury. Moreover, he explicitly stated that defendants "will be liable ... if the artistic expression of the advertisements, as a whole, is substantially similar to the artistic expression of *Heart of the Home*, as a whole." Opinion at 19–20.[3] Based on this conclusion, the court denied defendants' motion for summary judgment on plaintiff's copyright claim.

Judge Stanton's denial of defendants' summary judgment motion on this point constitutes the "law of the case," and as such, is binding on this court. *Zdanok v. Glidden Company, Durkee Famous Foods Division*, 327 F.2d 944 (2d Cir.1964), *cert. denied*, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964). Furthermore, defendants have not provided this court with a reason to disregard Judge Stanton's holding—his thoroughly reasoned opinion is ful-

ly supported by the present law. *See Fogel v. Chestnut*, 668 F.2d 100, 109 (2d Cir. 1981), *cert. denied sub nom. Currier v. Fogel*, 459 U.S. 828, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982) ("[t]he law of the case will be disregarded only when the court has 'a clear conviction of error' with respect to a point of law on which its previous decision was predicated"). This court, therefore, is bound by, and fully agrees with, Judge Stanton's determination that the "total concept and feel" of plaintiff's cookbook is protected by copyright law, making the ultimate question of liability one for the jury.

### (4) Plaintiff's Use of Expert Testimony

■ Defendants argue that plaintiff should be forbidden from introducing expert testimony on the issue of copying— specifically, on the issue of "substantial similarity."

Although some confusion surrounds this issue, this Circuit has followed a two-prong test set forth in *Arnstein v. Porter*, 154 F.2d 464 (2d Cir.1946). Under the *Arnstein* test,

> the trier of the facts must determine whether the similarities are sufficient to prove *copying*. On this issue, analysis (dissection) is relevant, and the testimony of experts may be received.... If copying is established, then only does there arise the second issue, that of *illicit copying* (unlawful appropriation). On that issue ... the test is the response of the ordinary lay hearer; accordingly, on that issue, 'dissection' and expert testimony are irrelevant.

*Walker v. Time Life Films, Inc.*, 784 F.2d 44, 51 (2d Cir.1986) (discussing *Arstein*, 154 F.2d at 468 (emphasis added in *Walker*)); *see also Shaw v. Lindheim*, 908 F.2d 531 (9th Cir.1990) (revising the two-part test as set forth in *Sid & Marty Krofft Television Productions v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir.1977)).

The Second Circuit has adopted the *Arnstein* test, explaining that *Arnstein* drew

---

**3.** Furthermore, Judge Stanton fully addressed and rejected defendants' objection that the cookbook's "total concept and feel" is not copyrighta-

ble because it is an unprotected idea. Opinion at 16–17.

"a distinction between noninfringing 'copying,' on the one hand, which may be inferred from substantial similarities between the two works, and infringing 'illicit copying,' on the other, which demands that such similarities relate to protectible material."[4] *Walker*, 784 F.2d at 51; *see also Gaste v. Kaiserman*, 863 F.2d 1061, 1068 (2d Cir.1988) (any discrepancy between plaintiff's and defendant's experts goes to the weight of the evidence).

Applying the *Arnstein* test to the facts of this case, plaintiff is entitled to introduce expert testimony that copying has occurred with respect to similarities between individual elements of the plaintiff's cookbook and defendants' ads. Once plaintiff establishes copying, however, the question of whether that copying constitutes unlawful appropriation will be left to the jury using the ordinary lay observer test, thus making expert testimony improper. Thus, defendant's request to limit expert testimony on the issue of copying is granted in this respect.

## CONCLUSION

Defendants' motion is granted insofar as the letters, reviews and advertisements concerning plaintiff's work are excluded from evidence. Defendants' motion is also granted insofar as limiting plaintiff's expert testimony on the issue of copying as discussed above. Defendants' motion in all other respects is denied.

So ordered.

---

**4.** The *Arnstein* court probably drew this distinction because the first part of the test (non-infringing copying) allows for expert testimony as to the similarity between the uncopyrightable details of the works; whereas the second part of the test (illicit copying), does not lend itself to expert testimony since the question of whether the protectible portions of the work were copied is one for the jury. *See Nimmer on Copyright,* § 13.03[E].