**FONAR CORPORATION, Plaintiff,**

**v.**

**DECCAID SERVICES, INC., Equi Med Leasing, Inc., Medical Funding of America, Inc., David Smith, Morton Mackof, Stephen Steckler, Louis Treglia and Peter Kim, Defendants.**

No. CV 91–3805.

United States District Court, E.D. New York.

March 9, 1992.

Grutman, Greene & Humphrey by Joseph Santora, New York City, for plaintiff.

Kane, Dalsimer, Sullivan, Kuricz, Levy, Eisele and Richard by Virginia M. Richard, New York City, for defendants Deccaid Services, Inc., Steckler, Treglia and Kim.

Frank Graziadei, New York City, for defendant Medical Funding of America, Inc.

Leib & Hayes by E. Anne Hayes, Patchogue, N.Y., for defendant Smith.

Klehr, Harrison, Harvey, Branzura & Ellen by John Spellman, Philadelphia, Pa., for defendant Equi Med Leasing, Inc.

Carl M. Bornstein, New York City, for defendant Mackof.

CONTEMPT

WEXLER, District Judge.

### FINDINGS OF FACT

Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, this Court amends its Findings of Fact and Conclusions of Law issued on February 28, 1992 as follows:

1. This Court issued a Temporary Restraining Order on October 2, 1991, which clearly and unambiguously prohibited "defendants, its officers, directors, employees, shareholders, agents, and all persons in active concert and participation with them ... from copying, reproducing, selling or using plaintiff's copyrighted 'Maintenance Software' and 'Schematics' (copies of such schematics were filed under seal) for the Beta 3000 and Beta 3000M."

2. Plaintiff's "Maintenance Software" is all the software developed by Fonar which is placed on the disk of the Beta 3000 and Beta 3000M MRI Scanner other than the "Operational Software" on said disk.

3. The "Operational Software" is defined through a listing of menus for said software in the User's Manual for the Beta 3000 and Beta 3000M MRI Scanner.

4. Based on clear and convincing evidence defendants, Deccaid Services, Inc., Peter Kim, Louis Treglia, Stephen Steckler, and Equi Med Leasing, Inc., have knowingly and willfully used Fonar's "Maintenance Software" after the October 2, 1991 Order, despite the Court's order that they are prohibited from doing so.

5. The plaintiff has suffered the following damages as a result of the contemptuous conduct of defendants, Deccaid Services, Inc., Peter Kim, Louis Treglia, Stephen Steckler, and Equi Med Leasing, Inc.:

(a) attorneys' fees attributable to moving for and proving contempt claimed to be $79,889.00.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction over all parties and over the subject matter of the complaint and has venue with respect

thereto pursuant to 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338 and 28 U.S.C. § 1400(a).

2. "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622 (1966); *Spallone v. United States, et al.*, 493 U.S. 265, 110 S.Ct. 625, 107 L.Ed.2d 644 (1990). In addition, the Court has statutory power pursuant to 18 U.S.C. § 401 which states: "A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority."

■ The criteria for the adjudication of contempt are met when (1) the order the party allegedly failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the party has not diligently attempted in a reasonable manner to comply. *See EEOC v. Local 638, Local 28 of Sheet Metal Workers' Int'l Ass'n*, 753 F.2d 1172, 1178 (2d Cir.1985), *aff'd*, 478 U.S. 421, 106 S.Ct. 3019, 92 L.Ed.2d 344 (1986); *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir.) (per curiam), *cert. denied*, 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981). *N.Y. State Nat. Organization for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir.1989).

■ This Court's order of October 2, 1991, was "clear and unambiguous" and the proof of non-compliance is "clear and convincing." The defendants, Deccaid Services, Inc., Peter Kim, Louis Treglia, Stephen Steckler and Equi Med Leasing, Inc., willfully and deliberately violated this Court's order of October 2, 1991 and are therefore adjudicated to be in contempt.

■ 3. When the violation is willful, a court may award compensatory damages or fines to make an aggrieved party whole. *Vuitton et Fils, S.A. v. Carousel Handbags*, 592 F.2d 126 (2d Cir.1979), Rule 43(c), Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Civil Rules"). Compensatory damages may include attorneys fees, *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967); Rule 43(a), Civil Rules. Because of the adjudication of contempt, this Order directs the following procedures designed to avoid any future action in contempt of this Court's authority. *See Superior Testers, Inc. v. Damco Testers, Inc.*, 336 F.Supp. 37, 40 (E.D.Louisiana 1971).

(1) The November 1, 1991 Order which states "That defendants, Deccaid Service, Inc., Stephen Steckler, Louis Treglia, Peter Kim, and Equi Med Leasing, Inc., are prohibited from servicing any Fonar MRI Scanners" is hereby modified so that defendants may make any repairs to Fonar MRI Scanners that do not require the use of Fonar Maintenance Software or Fonar Schematics pending the ultimate disposition of this action and applying this Order to all adjudicated contemnors and its officers, directors, employees, shareholders, agents, and all persons in active concert and participation with them;

(2) That all adjudicated contemnors including their officers, directors, employees, shareholders, agents, and all persons in active concert and participation with them, are prohibited from forming other business entities or acting with other individuals or business entities in servicing any Fonar MRI Scanners, so as to prevent the circumvention or evading of this Court's Order prohibiting servicing of Fonar MRI Scanners through the use of Fonar Maintenance Software or Fonar Schematics;

(3) That no other defendant, its officers, directors, employees, shareholders, agents, and all persons in active concert and participation with them can service their Fonar MRI Scanners through the use of Fonar Maintenance Software or Fonar Schematics pending the ultimate disposition of the action; and

(4) Fonar shall produce copies of the copyrighted maintenance software for the Court and for each of the named defendants.

(5) Defendants shall file any papers opposing plaintiff's computation of their attorneys' fees within 30 days of the date of this Order.

PRELIMINARY INJUNCTION

FINDINGS OF FACT

1. Fonar Corporation developed software for the operation and maintenance of its Beta 3000 and Beta 3000M MRI Scanner.

2. "Maintenance Software" for the Beta 3000 and Beta 3000M is defined as all software other than "Operational Software" for the Beta 3000 and Beta 3000M MRI Scanner.

3. "Operational Software" is described in listed menus in the "User's Manual" of the Beta 3000 and Beta 3000M MRI Scanner.

4. Plaintiff's "Maintenance Software" is an unpublished work over which Fonar has maintained proprietary control.

5. Despite the fact that Fonar "Maintenance Software" is an unpublished work, it has since at least 1986 placed a copyright notice on its "Maintenance Software."

6. On July 19, 1991, Fonar duly registered its copyright of the "Maintenance Software" for the Beta 3000 and Beta 3000M in the United States Copyright Office under Registration Number TXU–475–784 as an unpublished work, under applicable provision for computer programs containing trade secrets.

7. Fonar, in the development of its Beta 3000 and Beta 3000M MRI Scanners, developed "Schematics" for Fonar circuit boards.

8. Plaintiff has maintained its "Schematics" for the Beta 3000 and Beta 3000M MRI Scanners as proprietary and as "trade secrets" and has accomplished these ends regarding "Schematics" through:

(1) Exclusive access and use of said "Schematics" by Fonar employees *only;*

(2) Confidentiality Agreements with employees; and

(3) Proprietary Notices on said "Schematics."

9. Deccaid Services, Inc., Peter Kim, Louis Treglia, Stephen Steckler, and Equi Med Leasing, Inc.'s possess and used Fonar "Maintenance Software" and "Schematics" in repairing Fonar Beta 3000 and Beta 3000M MRI Scanners without permission of Fonar.

10. Defendant David Smith contends he possesses a right to use Fonar "Maintenance Software" despite the lack of any grant of such a right by Fonar to do so.

11. Medical Funding's vice-president, David Smith is cognizant of, and, in fact, oversees repairs made by Deccaid Services, Inc. of the Fonar MRI Scanners owned by Medical Funding. He has since 1989, been active in finding and soliciting others to service Fonar MRI Scanners.

12. Medical Funding has allowed Deccaid Services, Inc., to repair Medical Funding's Fonar MRI Scanners with knowledge that Deccaid repairs such MRI Scanners with Fonar "Maintenance Software" and "Schematics" despite no granting of such a right by Fonar.

13. Certain types of repairs can be made to Fonar MRI machines without the use of Fonar "Maintenance Software" or "Schematics", e.g., repairs to power supply units, water chillers, and other non-computer board mechanical problems.

14. Plaintiff will suffer irreparable harm through:

(a) the infringement of its exclusive use of the copyrighted "Maintenance Software";

(b) by damage to its business reputation and good will;

(c) that the continued use and copying of plaintiff's "Maintenance Software" and "Schematics" by the defendants, their affiliates, or agents, will increase the likelihood of other customers or third-party service companies misappropriating plaintiff's property in a similar fashion; and

(d) because of the difficulty of presentation of sufficient proof and precise measurement of damages that will be required at the eventual trial of this action.

CONCLUSIONS OF LAW

1. This Court has jurisdiction over all parties and over the subject matter of the

complaint and has venue with respect thereto, pursuant to 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338 and 28 U.S.C. § 1400(a).

■ 2. "The settled law of this circuit is that a preliminary injunction may be granted only upon a showing of '(a) irreparable harm and (b) either (1) likelihood of success on the merits of (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir.1985) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir.1979)) (and citing *Mattel, Inc. v. Azrak-Hamway International, Inc.*, 724 F.2d 357, 359 (2d Cir.1983)). The plaintiff has met its burden of showing irreparable harm and a likelihood of success on the merits.

3. "In an infringement action, a plaintiff must establish ownership of the copyright and copying by the defendant. *McGraw-Hill, Inc. v. Worth Publishers, Inc.*, 335 F.Supp. 415, 519 (S.D.N.Y.1971); 1 Nimmer Sec. 141 at 611." *Reyher v. Children's Television Workshop*, 533 F.2d 87, 90 (2d Cir.1976). The plaintiff has established ownership of the copyright and copying by the defendant.

■ 4. "The certificate of registration is prima facie proof of ownership and validity. *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1092 n. 1 (2d Cir.1977)." *York Wallcoverings, Inc. v. Coloroll, Inc.*, 681 F.Supp. 1004, 1007 (E.D.N.Y.1987). Plaintiff has established its *prima facie* proof of ownership and validity through its Certificate of Registration.

5. The copying and use by all defendants of plaintiff's "Maintenance Software" and "Schematics" are proven by the use of Deccaid Services, Inc. and its employees Peter Kim, Louis Treglia and Stephen Steckler and in the complicity of the remaining defendants in seeking, promoting, and soliciting the illegal service of Deccaid Services, Inc. in repairing the subject machines owned by defendants, Equi Med Leasing, Inc. and Medical Funding of America, Inc.

■ 6. "Existence of irreparable injury is presumed upon a showing of prima facie case of copyright infringement." *Video Trip Corp. v. Lightning Video, Inc.*, 866 F.2d 50, 51–52 (2d Cir.1989). A prima facie case of copyright infringement is proven herein and therefore irreparable injury is presumed.

7. "[I]rreparable harm will befall the copyright holder upon the infringement of its exclusive use of the copyrighted matter." *Miller Brewing Co. v. Carling O'Keefe Breweries*, 452 F.Supp. 429, 437–438 (W.D.N.Y.1978). Therefore, danger of irreparable harm is demonstrated herein.

■ 8. Irreparable injury is suffered where monetary damages cannot be calculated with a reasonable degree of certainty or will not adequately compensate the injured party. *Danielson v. Local 275, Laborers Int. U. of No. Amer.*, 479 F.2d 1033, 1037 (2d Cir.1973). Damage to reputation and goodwill, as well as difficulty in proving damages with certainty, prove a danger of irreparable harm.

■ 9. Because of the proof regarding the Preliminary Injunction application and the accompanying adjudication of Contempt, this Court enjoins all defendants to strictly adhere to the prohibitions of its Order of November 1, 1991, as modified in paragraph 14 of the accompanying Findings of Fact and Conclusions of Law regarding Contempt.

SO ORDERED.